## LEGGETT and WOOSTER *vs.* BOYD and FROST.

In a suit against several *joint debtors*, where only one is brought into court and the plaintiff proceeds under the statute as if all were brought in, and the defendant brought in succeeds in establishing a *personal defence*, e. g. *infancy*, although the plaintiff's cause of action was fully proved, he is not entitled to judgment against the other defendants named in the original process, who were not brought into court.

Nor is the plaintiff in such a case entitled to *discontinue without costs* as to the defendant brought into court, having proceeded to trial with a full knowledge of the defence, and put the defendant to the expense of proving his infancy. *It seems* that a plaintiff, *surprised* on a trial with such defence, would be permitted to discontinue without costs.

THIS was an action of assumpsit, tried at the New-York circuit in November, 1829, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The defendants were copartners as merchants. Boyd, one of the firm, in the name of the firm, made and delivered to the plaintiffs a promissory note; at the making of the note, he was a *minor* within the age of 21. Boyd alone was taken on the capias, and the plaintiffs had proceeded in the suit, under the statute against joint debtors. On the fact of *infancy* being shewn, the counsel for the plaintiff asked permission of the circuit judge to enter a *nolle prosequi* as it respected *Boyd*, and requested the judge to charge the jury to find a verdict against *Frost*, the other defendant. The judge recommended to the jury to find the facts of the case specially, subject to the opinion of the supreme court. The defendant now moved for judgment in his favor, and the plaintiffs asked for judgment in their favor against *Frost*, and leave to discontinue as to *Boyd*, without costs. At a previous term, this same cause had been before the court for a new trial, when it appeared that the defence of *infancy* had been insisted on.

*J. A. Spencer & S. Stevens*, for plaintiffs.

*J. L. Wendell*, for defendant.

*By the Court*, SAVAGE, Ch. J. The proposition to enter judgment against a firm, when neither of the members of that firm is subjected to a judgment, is certainly a novelty ; but as it was gravely argued, it is proper to give those arguments a respectful consideration.

It was urged that the provisions of our statute, 1 *R. L.* 521, § 13, are tantamount to the outlawry of a joint debtor not arrested, and therefore judgment should be entered against Frost. It is true, that before our statute was passed, no judgment could be rendered against joint debtors, until all were brought into court, or until those who were not brought into court should be outlawed ; and it is also true, that when process of outlawry had been completed in a civil suit, a judgment was entered against the absent outlawed defendant ; but our statute does not permit a judgment to be entered against the debtor not arrested, unless judgment is also rendered against his joint debtor, who has been arrested. The language of the statute is this : " And in case any of such joint debtors be taken and brought into court, he or they, so taken and brought into court, shall answer to the plaintiff ; and in case judgment shall pass for the plaintiff, he shall have his judgment and execution against such of them as were brought into court, and against the other joint debtors named in the process, in the same manner as if they had all been taken and brought into court by virtue of such process ; but it shall not be lawful to issue or execute any such execution against the body, or against any lands or goods, the sole property of any person not brought into court." The plaintiffs ask judgment against Frost, who is not in court ; but not against Boyd, who is in court. The statute says, *in case judgment shall pass for the plaintiff*, it shall be rendered against those brought into court, and those who are not ; but it is not said that judgment shall be rendered against those not brought into court, unless it is also rendered against those who are in court. It was not the intention of the legislature that any man shall be condemned unheard ; but the defendants, being joint debtors, are supposed to have a joint defence, and those taken shall answer for those who are not ; and if they have no defence, the pre-

sumption is that the others have none ; but there is no authority for giving a different judgment against those not taken, from that rendered against those in court.

The plaintiffs ask a different judgment against the absent debtor, from that given against the debtor in court. The argument is, that by bringing Boyd into court, Frost is brought in ; and both parties thus being in court, and the note being the act of the firm, judgment must go against the firm, and then judgment must be rendered in favor of Boyd, on the defence of infancy. This is too fanciful for a court of justice. I think I have shewn that the same judgment must be rendered against the joint debtors not in court, as against those in court. It is only by reason of the joint indebtedness that the court have any jurisdiction, so as to reach the joint property of all the joint debtors ; and as the defendants in court are the representatives of that joint property, it would be very like an absurdity, to say that judgment shall be rendered in favor of the defendants, but at the same time against their property. If a judgment could be rendered against Frost, no execution could be taken, only against the joint property ; but no execution can issue against such property, because that would be taking execution against Boyd's property, against whom there is no judgment.

The plaintiffs also ask to *discontinue without costs.* This cannot be permitted, after the plaintiffs have gone to trial with a knowledge of the defence, and put the defendant to the expense of proving his infancy. Had they been surprised on the trial with this defence, the discontinuance might have been granted ; but the court know that the plaintiffs were fully apprized of the defence, from a previous motion in this cause.

Judgment for defendant.