## SUPREME COURT.

JARED G. BACON agt. ALLEN COMSTOCK and others.

*eems,* that an allegation in a complaint, that the defendants *severally* en-rsed said note; when it appeared, in fact, that the endorsement was jointly— the *firm-name* of the defendants, would be *amendable* at the circuit.

n action upon a joint liability against two defendants where one makes de-ult, and the other interposes a defence, it is irregular for the plaintiff to enter dgment against the defendant who makes default, before the issues are dis-osed of as to the other, *without leave of the court.*

Bacon agt. Comstock and others.

The 245th section of the Code defines a judgment to be a final determination of the rights of the parties; and there can be but one judgment upon a joint liability; unless the court, as it is authorized to do, should think proper to render judgment against one or more of the defendants, and allow the action still to proceed against the others.

*Albany Special Term, April,* 1855.

MOTION to set aside judgment.

The complaint states that, on the 15th of May, 1845, the defendant, Allen Comstock, made his promissory note for one thousand dollars, payable three months after date, to the order of the defendant, Peter Comstock, and that he, and the defendants, Lorenzo D. Baker and John C. Cameron, afterwards *severally* endorsed the note, and the same was transferred to the plaintiff. The action was commenced in 1851 : James H. Hooker was then plaintiff. Hooker having assigned the cause of action to George Gould and Elias Pattison, an order was made, in February, 1854, substituting them as plaintiffs, in the place of Hooker. Gould and Pattison having assigned the demand to Jared G. Bacon, an order was made, in September, 1854, substituting him as plaintiff in the action.

The note in suit was, in fact, endorsed by Peter Comstock, as first endorser, and the firm-name of Baker & Cameron, as second endorsers. The two Comstocks and Cameron appeared and answered. Baker made default.

On the 3d of March, 1854, the plaintiff's attorneys entered judgment against Baker for the amount of the note with interest and costs. The attorney who conducted the proceedings states, that he supposed that judgment might thus be entered against Baker upon his default, without affecting the right of the plaintiff to proceed to the trial of the action against Cameron, and to have judgment against him also.

After the judgment had been perfected against Baker, the defendant Cameron, upon leave obtained for that purpose, put in a supplemental answer, stating the recovery of the judgment against Baker, and insisting that it is a bar to any recovery against him.

On the 4th of March, 1854, execution was issued to the

Bacon agt. Comstock and others.

sheriff of Rensselaer upon the judgment against Baker, which was subsequently returned unsatisfied. In June following, proceedings supplementary to execution were instituted before the county judge of Rensselaer, and an order made for the appointment of a receiver of the property of Baker.

The defendant Baker, upon notice to the attorneys for the plaintiff and the attorneys for the defendant Cameron, moved to set aside the judgment; and the plaintiff, upon notice to the attorneys for the defendant Baker, and also the attorneys for the defendant Cameron, made the like motion.

J. PIERSON, *for plaintiff.*

S. STOVER, *for defendant Baker.*

G. VAN ZANTVOORD, *for defendant Cameron.*

HARRIS, Justice. The fact is undisputed, that the endorsement upon which the plaintiff relies to recover against the defendants, Baker and Cameron, is a joint endorsement in the firm-name. The defence upon which Cameron relies, in his answer, is, that the name of the firm was used by Baker, without his knowledge or authority, for the accommodation of the maker of the note. The allegation, therefore, that the note was endorsed by Baker and Cameron *severally*, is admitted to be untrue. But it is a variance which could not well mislead the defendants, and an amendment of the complaint in this respect would probably be allowed at the circuit.

Regarding the endorsement as a joint liability of Baker and Cameron, the judgment against Baker was irregularly entered. The common-law rule is, that the judgment must dispose of the rights of all the parties. There could not be two final judgments in the same action. If the action was against two, and, as in the case before us, one of the defendants made default, while the other interposed a defence, the plaintiff was required to omit entering judgment against the former, until the issue with the latter had been determined. So rigidly was this rule insisted on, that it needed the interposition of the legislature, to authorize a plaintiff to have judgment against one joint debtor

who had been served with process, without first having pro-ceeded to outlawry against his co-debtor who had not been served. (*Graham's Pr.* 192.) And even yet it is required that the judgment, in such cases, should be, in form, against all the defendants. (*Pardee* agt. *Haynes,* 10 *Wend.* 630; *Leggett* agt. *Boyd,* 6 *Wend.* 500; *Nelson* agt. *Bostwick,* 5 *Hill,* 37; 2 *R. S.* 377; *Code,* § 136.)

It is only where several actions are united in one, as in the case of a maker and endorser of a promissory note, that the legislature has gone so far as to authorize judgment to be per-fected against one defendant, without including all in the same record. (*Sess. Laws,* 1835, *p.* 248.)

The 274th section of the Code authorizes a judgment for one of several plaintiffs and against another, and for one defendant and against another. In this respect the common-law practice is changed, for that required that the judgment should be for or against all the plaintiffs and all the defendants. But, even in such a case, the judgment being, as defined by the 245th section, a final determination of the rights of the parties, there could be but one judgment, unless the court, as it is authorized to do, should think it proper to render judgment against one or more of the defendants, and allow the action still to proceed against the others. Before a plaintiff can do this, he must ob-tain the order of the court. The plaintiff in this case has ob-tained no such order. He has perfected judgment against Ba-ker, and still proposes to go on with the action against Cameron, who, as he alleges, is jointly liable with Baker, and that, too, without leave of the court. Nor is there anything in the cir-cumstances of the case to render it a proper case for granting such leave. The plaintiff should have waited until the issue with Cameron had been disposed of, and then, if successful in that, he might have entered judgment against both Baker and Cameron; or, if unsuccessful, the judgment might, under the authority of the provision of the Code already referred to, have been entered in favor of the plaintiff against Baker, and in favor of Cameron against the plaintiff.

But it does not lie with the plaintiff to take the objection that

his own proceedings have been irregular. It is rather late, too, for the defendant Baker to seek to avoid the judgment against himself. It is, indeed, a singular feature in the case, that both the plaintiff and Baker should be moving, at the same time, for the same relief. The coincidence may probably be accounted for by referring to the fact, that the papers upon which both motions are founded are in the same hand-writing. Baker, it appears, is insolvent. He is also a non-resident. He, or rather his attorney, has, undoubtedly, thought fit to lend his aid to remove the obstacle which this judgment presented to a recovery against Cameron.

Though, in form, two motions, yet it is really an application by the plaintiff to be relieved from the effect of his own judgment. No injustice can be done by granting this relief, but it must be as a matter of favor, and not of right. The judgment was undoubtedly entered under a misapprehension as to its effect. There was probably no intention, on the part of the plaintiff, to abandon his right of action against the defendant Cameron. To allow the judgment against Baker alone to stand, might have this effect. The counsel for Cameron seems to understand that it would.

I think the judgment should be set aside, but it should be on payment of the costs of opposing the motion.