Fleming v. Freese.

AARON S. FLEMING *vs.* FREDERICK S. FREESE and WILLIAM BELLIS.

1. Where too many defendants are joined in an action on contract, the proceedings can only be amended in the manner pointed out by the 10th section of the practice act of 1855, (*Nix. Dig.* 636.) If not so amended, the court has no power to amend the pleadings, upon the trial, by striking from the record the name of the defendant improperly joined, or to permit him to be examined as a witness for his co-defendant while a party to the record.

2. Where an action is commenced against two defendants as joint debtors, and process is served upon one, and no process is served upon, or appearance entered by the other, if the plaintiff declare and proceed to trial against both, and it appears on the trial that the contract was not joint, but was made with one of the defendants only, the plaintiff should be non-suited.

This case came up from the Warren Circuit on the following case, certified by the judge who tried the cause.

This action was brought to recover the value of certain cattle, sold and delivered by the plaintiff to the defendants. The summons was served upon Freese only, and returned by the sheriff "not found," as to the other defendant. Freese alone appeared and pleaded to the action. No appearance was entered or plea filed for Bellis. No judgment by default was entered against him. On the trial the plaintiff proved a sale and delivery of the cattle to Freese. There was no satisfactory evidence to connect Bellis with the transaction, or to warrant a recovery as

against him. A motion was thereupon made, in behalf of Freese, to strike the name of Bellis from the record, and to call him as a witness for his co-defendant, which motion was denied by the court.

A verdict having been rendered for the plaintiff, a rule was granted to show cause why the verdict should not be set aside, and a new trial granted upon the ground that the court erred in rejecting the evidence of Bellis. And to the end that it may be decided whether the evidence was improperly rejected, it is directed that the case be certified to the Supreme Court for its opinion upon the following point, viz.: was Bellis a competent witness in the cause, and did the court err in refusing to strike his name from the record, and to admit him to testify in behalf of Freese, the other defendant?

The cause was argued at February Term, 1857, before the CHIEF JUSTICE, and Justices OGDEN, POTTS and VREDENBURGH.

*Shipman*, for defendants.

*Depue*, for plaintiff.

The CHIEF JUSTICE. The question presented by the case certified arises upon the construction of the tenth section of the practice act of 1855. *Nix. Dig.* 636. As the law formerly stood, there being a joinder of too many defendants in an action *ex contractu*, the plaintiff must have been nonsuited. 1 *Chit. Pl.* (*ed.* 1837) 50.

And the court would not have permitted an amendment of the declaration at the trial, by striking out the name of one of the defendants to cure the defect. *Cooper* v. *Whitehouse*, 6 *Car. and Payne* 545.

The English common law procedure act (15 *and* 16 *Vict.*, *ch.* 76, § 37,) remedies the difficulty by authorizing such misjoinder of defendants to be amended, as a variance, at the trial, upon such terms as the court shall think proper.

Fleming v. Freese.

And, by the 35th section of the same act, a similar amendment is authorized at the trial in case of the misjoinder or non-joinder of plaintiffs.

By the 10th section of our practice act of 1855, in case of the joinder of too many defendants in any action upon contract, upon notice being given by the defendant of the intended objection within five days after filing his plea or demurrer, the court or a judge, at any time *before* trial, is authorized to order the name of one or more of the defendants to be struck out; and upon making and filing such order, the previous proceedings are to be amended in conformity to the order, and the defendant is required to plead *de novo*. And it is further enacted, that unless the defendant, within five days after filing his plea or demurrer, give written notice to the plaintiff of such intended objection, the *joinder of too many defendants in any action upon contract shall not be objected to on the trial of the cause*. By the express terms of the enactment, if the *defendant give notice* of an intended objection on the ground of misjoinder, the plaintiff may amend *before* trial; if he do not amend, he may be non-suited at the trial; but if the defendant do not give the prescribed notice, the misjoinder shall not be objected to on the trial. The unavoidable inference would seem to be that the court has no power to amend upon the trial. It had, as we have seen, no such power before the passing of the act. The act not only confers no such power, but, by necessary implication, denies it. The purpose of the act seems to have been to place the objection to a joinder of too many defendants in an action upon contract, on the same ground with the objection to a non-joinder, as defendants, of all the contracting parties; which can only be taken advantage of by plea in abatement, and cannot be objected to on the trial of a plea in bar. 1 *Chit. Pl.* (ed. 1837) 52–3.

The case is clearly not within the provisions of the 43d, 44th or 46th section of the act.

The court, therefore, had no power to amend the plead-

ings upon the trial, by striking the name of one of the defendants from the record, or to permit him to be examined as a witness while a party to the *record*.

It appears, however, by the case, that the summons was served upon Freese, one of the defendants, and returned "not found" as to the other defendant, for whom no appearance was entered or plea filed. Both defendants were proceeded against, under the provisions of the third section of the act concerning obligations and to enable mutual dealers to discount. *Nix. Dig.* 542, § 3. The statute authorizes the proceeding, after service of process upon one of several defendants, only in the case of joint debtors. There being no joint contract proved in the present case, the proceeding to judgment under the statute was unauthorized. Independent of the statute, the plaintiff could not even declare, much less proceed to judgment, before effecting the appearance of both defendants. 1 *Archb. Prac.* 108 ; *Barnes* 401 ; *Harker* v. *Brink*, 4 *Zab.* 350 ; *Knight* v. *Parker*, 2 *W. Blac.* 759.

The provisions of the 10th section of the act of 1855 can have no application to a cause, except where the defendants are regularly before the court. It could not have been designed to cure radical defects in the institution of a suit, or to subject a party to a judgment who has not been brought into court, and against whom no cause of action is proved. In this view it is immaterial whether the objection was urged by the defendant whose appearance had been effected or by the absent defendant. The plaintiff should have been nonsuited upon the trial.

The Circuit Court should be advised to set aside the verdict and all the proceedings in the cause since the return of the writ, and to permit the plaintiff, on application for that purpose, to declare against the defendant who appeared to the action.

Costs to abide the event of the action.

POTTS, J. It is clear, upon the state of the case, that the

plaintiff erred in making Bellis a defendant. There was no satisfactory evidence to connect him with the transaction out of which the cause of action arose, nor to warrant a recovery against him. But the question here is, whether Freese could get him out of the record in the way he proposed, and make him a witness on the trial for himself. The 10th section of the act to simplify the pleadings and practice in courts of law (*Nix. Dig.* 636, *pl.* 130,) provides a mode in which this could have been done by notice and application to the judge; but this was neglected : and the same section declares that, unless this proceeding is resorted to, the joinder of too many defendants shall not be objected to at the trial of the cause.

The power given to the court to order amendments to be made at the trial, by the 43d, 44th, 45th, and 46th sections of the statute, (*Nixon* 641) does not extend to cases of the kind provided for in the 9th and 10th sections. To hold that it did, would be in effect to repeal these two sections.

As the case stood, therefore, at the circuit, Bellis, being a party defendant on the record, was not a competent witness in the cause for his co-defendant, and the court did not err in refusing to strike his name from the record, and admit him to testify in behalf of Freese.

The question, whether this verdict ought not to be set aside, is not in terms submitted to this court by the case certified; but I apprehend there can be no difficulty in saying that the action, being upon a joint contract, cannot be maintained by proof of a contract entered into by but one of the defendants. To support the action, Bellis not having been summoned, and not having appeared, the plaintiff was bound to make out a case of joint liability; the proof must correspond with the allegation, or the plaintiff cannot recover. Neither the 10th section of the act to simplify the pleadings and practice, nor the 3d section of the act concerning obligations (*Nixon* 524) relieves the plaintiff from the necessity of proving the contract

as he sets it out in his declaration. If he sues upon the joint note of A and B, and B is not summoned, and does not appear, the plaintiff must produce and prove a joint note executed by both the defendants. He cannot recover by producing and proving a note executed by A only. The principle is an elementary one, and is either expressly laid down or tacitly admitted in all the American cases cited by counsel. *Harker* v. *Brink*, 4 *Zab.* 350; *Tom* v. *Goodrich*, 2 *Johns. R.* 213; *Elmendorf* v. *Tappan*, 5 *Johns. R.* 176; *Legget et al.*, v. *Boyd et al.*, 6 *Wend.* 500; *Pardee* v. *Haynes et al.*, 10 *Wend.* 631; *Nelson* v. *Bostwick*, 5 *Hill* 41. I concur in advising that the verdict should be set aside.

Justices OGDEN and VREDENBURGH concurred.