Stimson *v.* Van Pelt.

[ONONDAGA GENERAL TERM, October 6, 1868. *Foster, Morgan* and *Mullin,* Justices.]

———————•●•———————

STIMSON and others *vs.* VAN PELT, impleaded, &c.

<div style="float:right">66 151<br>85h 129</div>

Where two defendants are sued as joint debtors, and a separate liability against one, only, is established, a separate judgment may be entered against him.

Where D. & V. were sued as partners, to recover the price of goods alleged to have been sold and delivered to the firm, the plaintiffs having failed to establish a joint liability against V.; *Held* that under section 136, subdivision 3, of the Code, they might prove a separate liability on the part of V., on the ground that he was in fact the purchaser of the goods through D. as his agent, and recover a separate judgment against him, if he was found separately liable.

Although this would seem to be a different cause of action from that upon a liability as a copartner, yet the cases authorize the court to admit proof of, and render judgment upon, the new cause of action. *Per* MULLIN, J.

It is essential, in order to bind a principal by acts which are relied upon as

ratifying the unauthorized act of his agent, that he should have done the act with full knowledge that the agent had assumed to act in his name and behalf, as his agent.

If one purchases goods as agent for another, and discloses the facts to the latter, who then receives the goods to his own use, without notice to the vendor, of his repudiation, he should be held to have ratified the purchase; or, rather, he should be held to have converted the goods, and to be liable for their value, upon an implied agreement to purchase. The taking of the goods is not, *per se*, a repudiation of the purchase. It might be evidence to go to the jury, in connection with other facts, to establish a repudiation.

An exception, to "each and every part" of a charge, is too general, and does not entitle the exceptor to the benefit of any error in any particular clause or portion of it, provided any part of it be correct.

MOTION by the defendant Van Pelt, for a new trial, after a verdict for the plaintiff, at the circuit. Exceptions ordered to be heard, in the first instance, at General Term.

*Hunt & Green*, for the plaintiffs.

*H. V. Howland*, for the defendant Van Pelt.

*By the Court*, MULLIN, J. This action was brought to recover the price of a quantity of goods, alleged to have been sold by the plaintiffs to the defendants, between the 23d of May and the 30th of July, 1866.

The complaint charges that the plaintiff sold and delivered the goods to the defendants as partners, under the firm name of "D. F. Dunham," doing business at Auburn, in this state. The defendant Dunham did not appear in the action. The defendant Van Pelt appeared and answered, denying the complaint.

There is no doubt but that Dunham purchased the goods, and the contest on the trial was whether he purchased as agent for Dunham, or on his own account. Evidence was given to establish a partnership between Dunham and Van Pelt, but so slight was it that the court held, as matter of law, that they were not copartners.

Stimson *v.* Van Pelt.

There being no partnership, the defendant Van Pelt was entitled to a judgment of nonsuit, unless the plaintiffs could prove a separate liability against him for the goods in question.

It is provided by section 136 of the Code, as amended in 1866, subdivision 3, that if all the defendants have been served, judgment may be taken against any or either of them, severally, when the plaintiff would be entitled to judgment against such defendant or defendants if the action had been against them, or any of them, alone.

The defendant Dunham was served with the summons in the action, and by not answering has admitted his liability for the goods in question, whatever may be the rights or liability of his co-defendant.

It is, of course, wholly immaterial to Dunham whether he is held liable individually, or jointly with Van Pelt, except so far as he would be entitled to contribution in the event of the joint liability of Van Pelt being established. The liability which he confesses, however, is liability as copartner with Van Pelt. But if the latter should discharge himself from all liability, the plaintiffs would still be entitled to judgment against Dunham, alone, for the whole debt.

The plaintiffs having failed to establish a joint liability against Van Pelt, the question is, whether they may prove, and recover judgment upon, a separate liability of Van Pelt for the same goods. The first practical difficulty in the way is, that no judgment can be entered against Dunham until the issues are determined between the plaintiffs and Van Pelt; and when that is reached, the judgment is entered against both. And thus there is a joint judgment against both defendants when one was proved to be alone liable for the goods. The record makes him liable as a partner, notwithstanding the judge held and decided that he was not a partner.

The only ground on which the court suggested that Van Pelt could be made liable was, that he was in fact the purchaser of the goods through Dunham as his agent, either with authority to purchase, before the purchase was made, or by ratification of the purchase after it was made. This would seem to be a different cause of action from that upon a liability as a copartner. But the cases authorize the court to admit proof of, and render judgment upon, the new cause of action. In *Brumskill* v. *James* (1 *Kern.* 294) the action was brought on a note signed with the firm name of Eaglesum & Co. The defendants named and served were William L. James and Eliza Eaglesum. The latter did not appear. James appeared, and answered, denying that he, jointly with Eliza, made the note, or that he, jointly with her, made the promises as partner or otherwise. It was proved that the defendants were husband and wife; that James carried on business in the firm name of Eaglesum & Co.; and that his wife's name was and is the name of the firm. It was held, on the trial, that James was liable on the note and that the wife was not. The Court of Appeals affirmed the judgment, holding that when two or more persons are sued as joint debtors, and the plaintiff fails to establish a joint liability against all, judgment may be had against one, if one only is liable, or against such of the defendants as are proved to be jointly liable. In the case cited, the wife had admitted her joint liability, yet she was held not liable. In the case before us, Dunham admits a joint liability, but the court held that he was not liable. In the case cited, James, although declared against as a joint debtor, was held separately liable. In this case, Van Pelt was sought to be charged upon a joint liability, but is found to be separately liable. There is no distinction in the cases, except that a married woman is a co-defendant in the one and not in the other. But no stress is laid upon this fact, in the opinion of the court. The decision is

placed distinctly on the ground that the Code has changed the common law, and that under subdivision 3, of section 136, a separate judgment may be entered against one of two defendants sued as joint debtors, when a separate liability against one only is established.

It being proper to instruct the jury to find against Van Pelt alone, if a separate liability, only, should be established, it remains only to examine the exceptions to other parts of the charge, and refusals to charge as requested.

The remarks already made dispose of the first exception, which was to the remark of the judge that "*the failure to establish a partnership did not change the result.*" If Van Pelt was in fact the purchaser of the goods on his own account, and the action, although in form joint, could be maintained against him alone, then the failure to prove a partnership was wholly immaterial.

The defendants' counsel asked the judge to charge that if Dunham was the servant or agent of Van Pelt, having no authority to purchase on credit, he could not purchase on credit and make his principal liable. The judge replied that he charged precisely in that form, with the addition that if Van Pelt afterward took the goods he became responsible. To which addition the defendants' counsel excepted.

It is essential, in order to bind a principal by acts which are relied upon as ratifying the unauthorized act of the agent, that he should have done the act with full knowledge that the agent had assumed to act in his name and behalf as his agent.

The court did not qualify its instruction by making knowledge on the part of the principal, that the goods were purchased by Dunham as his (defendant's) agent necessary. Therefore I think the instruction was erroneous. But it was correct as far as it went, and if the counsel desired the qualification, it was his duty to ask

that it be made ; and failing to ask it I think he cannot now get any benefit of the omission.

Again, the instruction in question was given after the judge had called the attention of the jury to the evidence which tended to show, as he understood it, that Dunham had been carrying on the auction business solely as agent for Van Pelt, and that the purchases of the goods in question were made as such agent, but they were of a kind which Van Pelt did not desire to deal in, and which Dunham had no authority to purchase. When the goods came to the store, or Van Pelt was in any proper manner informed of the purchase of them by Dunham on his (Van Pelt's) credit, it was his duty, at once, to repudiate the purchase and return, or offer to return, the goods. His retaining them with knowledge of the manner they were purchased, was evidence for the jury upon the question of ratification ; and if unexplained, was sufficient to authorize them to find a ratification.

Notice to Dunham that he repudiated the transaction, amounted to nothing, especially when he used the repudiation as a means of acquiring title to the goods, knowing they were unpaid for, and that Dunham was without ability to pay for them. The appropriation of the goods to the defendant's use was, under these circumstances, a conversion. The plaintiffs had their election to sue in trover, for damages, or, waiving the tort, then in assumpsit upon an implied promise to purchase and pay for the goods.

The defendant's counsel requested the court to charge that when Dunham purchased these goods in his own name, on credit, he got title to them, and Van Pelt, by afterwards purchasing them of Dunham, got a title from Dunham, and Van Pelt could not be held liable to the plaintiffs for the price. The court refused, and the defendant's counsel excepted.

This request assumes a fact which the judge had alto-

Stimson *v.* Van Pelt.

gether repudiated.   His opinion was that the purchase
was made solely on the credit of Van Pelt, and that
Dunham was his agent merely, without any legal inter-
est in the goods.   If he was right in this, then his re-
fusal to charge as requested was right.   Had he been
requested to submit the question to the jury, whether
the purchase was on Dunham's credit and for his ben-
efit, and that if the jury should so find, then to charge
as requested, and he had refused, he would have com-
mitted an error which would have been fatal to the ver-
dict.   But the request assumed as true the only question
in the case which was strenuously litigated, and called
for a positive direction as to the legal consequences re-
sulting from the purchase.

The judge submitted it to the jury to say whether the
goods were purchased by Dunham with a view to carry-
ing on business in defiance of Van Pelt ; whether he did
not expect to become responsible to Van Pelt under the
contract, and Van Pelt understood that Dunham had
actually embezzled or converted the money to his own
use to carry on the business on his separate account ;
and if he had broken up the arrangement under which
he held the auction goods, then he thought the defen-
dant entitled to their verdict.

Had this instruction been substantially the same as
that requested to be given, the counsel might have asked
the judge to declare the law, should they find the facts
as stated by the judge.   But they are not at all alike.
Hence the request should have been to submit the ques-
tion of fact as the counsel claimed it should have been
found, and then if found, for the instruction as to the
law, as stated by him.

I think he has lost the benefit of the request from
the refusal and the exception.

The defendant's counsel requested the court to charge
that the act of purchasing the goods of Dunham was a

repudiation of the purchase of Dunham as agent for him. The court refused, and the counsel excepted.

If Dunham purchased as agent for Van Pelt and disclosed the facts to the latter, and he then received the goods to his own use without notice to the vendor of his repudiation, I think he should be held to have ratified the purchase; or, to speak more correctly, he should be held to have converted the goods, and to be liable for their value, upon an implied agreement to purchase. The taking of the goods was not *per se* a repudiation of the purchase. It might be evidence to go to the jury in connection with other facts, to establish a repudiation.

The exception to "each and every part" of the charge is too general, and does not entitle the defendant's counsel to the benefit of any error in any particular clause or portion of it, provided any part of it be correct.

The charge is very imperfectly reported. There are several sentences in it that are wholly without meaning, and others in which the meaning is so vaguely expressed that I am not certain I get the idea the learned judge intended to convey. Taken as it stands, there are several propositions in it which I think could not be supported if they had been excepted to. But there being no exception, it must be held to be correct.

The defendant's counsel complains that the judge, in his charge, changed the cause of action from one on a partnership liability to one against one of the partners upon an individual liability, on a contract made by one of the alleged partners as agent.

It is impossible to say from the case who first raised the question as to the individual liability of Van Pelt; nor is it material now to consider. The case was put to the jury in that aspect, as it was competent for the court to do, and there is no exception to its being so submitted. The court was not even asked to rule, as mat-

ter of law, that the relations of principal and agent did not exist; nor to instruct the jury that Van Pelt was not liable in that character.

The evidence on which to predicate the liability of Van Pelt as principal, for the goods in question, is, to my mind, exceedingly slight. The evidence satisfies me that the defendants were partners, and if the defendant was not chargeable with the goods, it was because Dunham was extending the business to branches not contemplated. Had he rested his case upon this view of the evidence, and protected himself by exceptions against the submission of any other question to the jury, and the judge had submitted the case as he has done in his charge, I should have felt constrained to say that the case was not properly presented to the jury. But it is useless to say what might have been done. The rights of the parties, are fixed and cannot now be changed.

There is some evidence in the case to justify the submission of the case as one of separate liability, and the finding of that fact by the jury. And we cannot say that the finding is either without, or against, evidence.

The motion for a new trial is denied, with costs, and judgment ordered for the plaintiff on the verdict.

[ONONDAGA GENERAL TERM, October 6, 1868. *Foster, Morgan* and *Mullin,* Jutices.]