McGuire *v.* Johnson.

---

SAMUEL McGUIRE, Respondent, *v.* RUFUS JOHNSON, Appellant, impleaded with HANNAH L. GLOVER.

(GENERAL TERM, SIXTH DISTRICT, JANUARY, 1870.)

In an action on a promissory note against the two joint makers thereof, one of whom establishes a defence on the ground of coverture, judgment may go against the other defendant.

THIS appeal was taken by the defendant, Johnson, from a judgment entered against him on the verdict of a jury in the Courtland County Court upon a retrial on appeal. The action was upon a promissory note, running as follows, viz.:

"For value received we jointly promise to pay John Glo-

ver or bearer forty-four dollars and forty-five cents on or before the first day of December next, with interest.

"Dated *May* 1, 1865.        Signed,

"HANNAH GLOVER.
RUFUS JOHNSON."

It appeared that the defendant, Glover, was a *femme covert* when she executed the note and that her husband was still living, and the defendant, Johnson, objected that there could be no judgment against him on account of the coverture. The court overruled the objection, and the jury gave a verdict against Johnson for the principal and interest of the note with costs, and he thereupon appealed.

*Ballard & Warren,* for the respondent.

*Ira L. Little,* for the appellant.

Present—BALCOM, BOARDMAN, PARKER and MURRAY, JJ.

By the Court—BALCOM, P. J.   The note on which the action was brought was joint, but not several.   It was signed by two persons as makers, but one of them (Mrs. Glover) was a married woman and had a verdict in her favor in the County Court by reason of her coverture and the want of other facts to make her liable for the payment of the note.   The County Court held that the plaintiff could recover on the note against the other maker (Johnson), though Mrs. Glover was not liable on the same.   The question in the case, therefore, is, whether Mrs. Glover's defence of coverture destroyed the right of action in respect to the defendant, Johnson, who was only a joint maker of the note with her.

The general rule of law before the passage of the Code of Procedure was that in actions against several persons on a joint contract, the plea of one, if found true, acquitted all. Yet to that there were exceptions; as where one pleaded the insolvent act, bankruptcy, infancy or other defence merely

McGuire *v.* Johnson.

personal in its nature, a recovery could be had against the other joint contractors. (2 Cow. Tr., 2d ed., 1012 and 1013; *Hartness* v. *Thompson and wife*, 5 Johns., 160; *Cruikshank* v. *Gardner*, 2 Hill, 333; *Camp* v. *Gifford & Seymour*, 7 id., 169.)

It is provided by section 274 of the Code, that "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." The Court of Appeals held in *Brumskill* v. *Eaglesum and wife* (1 Kernan, 294), that the Code of Procedure has modified the *general* common law rule, that, in an action upon an alleged joint contract, the plaintiff must recover against all the defendants or be defeated in the action. And in that case, the action was against two persons upon a note alleged to have been made by them in 1846, as copartners in their firm name, and it was proved that the note was signed by one in the alleged firm name, and that the other defendant was then his wife; and it was held that the plaintiff could recover against the husband alone. (See *Marquat* v. *Marquat and wife*, 2 Kernan, 336.)

Counsel for the defendant, Johnson, has argued that the promissory note of a married woman is absolutely void, and that no joint contract of the defendants ever existed for the payment of the money mentioned in the note in suit, and that, therefore, no recovery could be had on the note against Johnson alone. I shall not stop to inquire whether married women may not make valid promissory notes under our statutes; for I am of the opinion that the defendant, Johnson, was liable to pay the note though it were conceded that the note was absolutely void as against Mrs. Glover, by reason of her coverture. No case has been cited, and I confess I have not been able to find one holding that in an action against two persons on a joint contract or joint promissory note, and one pleads coverture at the time of the execution of the contract or note, such defence, if proved, destroys the right of action against the other defendant. But it is laid down in Story on Promissory Notes, that although a bill or

McGuire v. Johnson.

note, to which a married woman is a party, "may not be binding personally upon the woman herself, either as a drawer or indorser, or acceptor; yet, as between the other parties to it, it may be of full force and obligation. Thus, if a bill be drawn or indorsed by a woman, under circumstances of interdiction, still, if accepted, it may be binding between the indorsee, or other holder, and the acceptor. And in like manner, a promissory note drawn or indorsed by a woman under interdiction, will be binding between the other parties thereto." (Story on Promissory Notes, 5th ed., § 91.)

It is clear that if Mrs. Glover had been an infant, *femme sole*, when she signed the note, and had defended the action, on the ground that she was not bound to pay it, because she was under twenty-one years of age when she gave it, that defence would not have destroyed the right of action against the defendant Johnson, and the plaintiff could have recovered against him. (See 5 Wend., 224, 15th ed., 64; *Slocum* v. *Hooker*, 13 Barbour, 536.) I am unable to see any difference in principle between a defence by Mrs. Glover, of coverture and one by her of infancy, so far as the rights of her co-defendant, Johnson, are concerned. And I am of the opinion, that Johnson is liable upon the note in this action, although Mrs. Glover is not, within the principle of the decision in *Brumskill* v. *Eaglesum and wife* (*supra*).

If these views are correct, the judgment of the County Court in the action, against Johnson alone, should be affirmed with costs.

Judgment affirmed.