(16 Misc. Rep. 17.)

HAND v. ROGERS et al.

(Supreme Court, Appellate Term, First Department.  February 26, 1896.)

1. CONTRACTS—ACTION ON—JOINT OBLIGATION.
   In an action on a contract made by a firm, the complaint will be dismissed where it appears that defendants compose a firm which was not in existence when the contract was made, though some of them were members of the other firm.  35 N. Y. Supp. 712, affirmed.

2. SAME—SEVERAL JUDGMENT.
   Such action is not within Code Civ. Proc. § 1205, providing that where the action is against two or more defendants, and a several judgment is

proper, the court may direct a severance, and render judgment against one or more of them, unles's it be shown that there was no firm of which defendant sought to be charged was a member when the contract was made, or that the contract was outside the business of the firm.

Appeal from city court of New York, general term.

Action by Elwood S. Hand against Charles P. Rogers and others. From a judgment of the general term of the city court of New York affirming a judgment dismissing the complaint (35 N. Y. Supp. 712), plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles De Hart Brower, for appellant.

John Henry Hull, for respondents.

DALY, P. J. The defendants were sued as copartners, composing the firm of Charles P. Rogers & Co., upon a contract in writing made November 30, 1889, by the defendant Charles P. Rogers, in the said firm name. The complaint alleged that, at the time, the defendants were, and still are, said copartners. The answer denied all the allegations of the complaint except that defendants admit "that they are copartners under the name alleged." Upon the trial it was proved that the defendant Charles P. Rogers personally executed the contract in the name of Charles P. Rogers & Co., but who were his copartners, if any there were at the time, was not shown. It was expressly admitted by plaintiff that the other defendants were not then his copartners, and thereupon defendants moved for a dismissal of the complaint. The plaintiff claimed that the complaint should be dismissed as to all but Charles P. Rogers. The motion to dismiss as to all the defendants was granted.

The position taken by plaintiff at the trial was that an individual liability had been established against Charles P. Rogers, because it appeared that the other defendants were not his copartners when the contract was made. This is equivalent to saying that, because certain persons were not then his copartners, he therefore had none; that a defendant can be sued as a copartner upon a contract purporting to be executed by a copartnership, and then charged individually, because the persons the plaintiff happens to join as his copartners were not such in fact. Such a position is untenable. The copartnership must be proved as alleged, or the plaintiff must fail. This is not the case of a person sued as sole defendant upon a contract purporting to be executed by a firm. In such a case the defendant must take the objection of nonjoinder of his copartners by demurrer or answer; otherwise, the objection is waived, and judgment will be given against him individually. Douglass v. Leonard (Com. Pl.) 17 N. Y. Supp. 591, 18 N. Y. Supp. 144. But, in order to recover against him individually, he must be sued individually. His objection to the nonjoinder of his copartners cannot be precluded unless there is a nonjoinder. If he is sued with the members of one firm upon a transaction of his as a member of another firm, he is entitled to deny the making of the contract by the copartnership alleged, and to prevail in the action.

The plaintiff claims the benefit of section 1205 of the Code, which provides that:

"Where the action is against two or more defendants, and a several judgment is proper, the court may, in its discretion, render judgment, or require the plaintiff to take judgment, against one or more of the defendants; and direct that the action be severed, and proceed against the others, as the only defendants therein."

The section in question would apply if it appeared that, when the defendant Charles P. Rogers made the contract in a firm name, there was no firm, and he had no partner, or that the contract was made for his own purposes, and not in the business of the firm. Stedeker v. Bernard, 102 N. Y. 330, 6 N. E. 791.   In such case he would be individually liable, and judgment might be rendered against him, even if dismissed against the other defendants.   But it did not appear that there was no firm of Charles P. Rogers & Co. of which defendant was a member at that time, or that the contract was his individual contract.   The plaintiff proved nothing of the sort, and a several judgment would be improper.

The case is claimed by the plaintiff to be one of hardship, because, owing to repeated trials and appeals in the city court, costs have accumulated far exceeding the original claim.   But the answer of defendants apprised plaintiff at the outset that issue was taken as to the copartnership of the defendants, and he could have saved further expense by discontinuance or amendment.

Judgment affirmed, with costs.   All concur.