(23 Misc. Rep. 625.)

### KNICKERBOCKER ICE CO. v. THEISS.

(Supreme Court, Appellate Term.  June 6, 1898.)

JUDGMENT—SEVERAL DEFENDANTS.

In an action against two defendants as partners upon obligations incurred by one of them in the firm name, the testimony of the other defendant would have warranted a finding that the partnership had dissolved prior to the transaction in question, or that it was for the sole benefit of the one who incurred the obligations.  The judge charged that the jury must find a verdict for or against both defendants.  *Held* error.

Appeal from city court of New York, general term.

Action by the Knickerbocker Ice Company against John Henry Theiss and another.  From a judgment of the general term (49 N. Y. Supp. 1139) affirming a judgment in favor of plaintiff on the verdict of a jury, defendant Theiss appeals.  Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Fromme Bros., for appellant.
Charles K. Carpenter, for respondent.

GIEGERICH, J.  The complaint sets forth three causes of action, each of which is predicated upon an allegation that the defendants were, during the times therein mentioned, co-partners doing business under the firm name of G. Theiss & Bro.  The first two causes of action are based on promissory notes for $211.87 and $445.51, respectively, signed "G. Theiss & Bro.," and the third for goods sold and delivered to the amount of $33.  The defendants answered separately, but the answers are similar in all respects, each substantially denying all material allegations of the complaint.  Upon the trial, however, the appellant alone appeared and defended the action.

The dealings of the plaintiff with the said firm were had under an agreement bearing date the 23d day of December, 1892, whereby the former agreed to deliver ice to the latter for five years from February 10, 1893.  The notes in suit were given for ice delivered in pursuance of such agreement, and were signed by the defendant George Theiss in the firm name.  It was conceded by the appellant upon the trial that he and his co-defendant were co-partners under the said firm name from 1891 to January 1, 1896.  He testified, however, that on the last-mentioned date the firm was dissolved, by the sale of his interest therein to his wife, who has not since conducted or managed the business, and that after the dissolution he had nothing whatever to do with its management.

The testimony adduced on behalf of the plaintiff was to the effect that the dealings of the defendants with the former after January, 1896, were continued under the same firm name; that the notes which constituted the larger portion of the plaintiff's claim were signed in August, 1896, by the defendant George Theiss, in the name of G. Theiss & Bro.; that demands for payment of these notes and of the open account were made at various times in 1896, and in January, 1897, from the appellant; and that the latter made admissions of his liability as a co-partner during the period mentioned.

Such declarations were competent evidence to establish the appellant's liability as a co-partner during the times in question, and hence the exception noted to the admission thereof is without merit. Rogers v. Murray, 110 N. Y. 658, 18 N. E. 261.

After the close of the evidence, and immediately before charging the jury, the learned trial justice said:

"The court's view in this is that there must be a recovery against both or neither of these defendants, because the case is founded upon an allegation of co-partnership, and I do not think, on the proof now, that there can be an individual recovery, so that I shall send the case to the jury on either a recovery against both or neither. Plaintiff's Attorney: I except to that position on the ground that, George Theiss having been made a defendant and admitting the debt, we ought at least to have a recovery against him. The Court: He has joined issue here by putting in an answer denying partnership, and the question to be determined is whether there was a co-partnership liability or not. Of course, when I am through, you may except to any part of my charge. I only intimate to you on what theory I intend to submit the case to the jury."

The justice in his charge told the jury that, "to succeed in this case, the plaintiffs must show that this debt which they are suing upon is a co-partnership liability, and that that co-partnership existed between George Theiss and John Henry Theiss." The appellant excepted to that portion of the charge that the jury was to bring in a verdict for both defendants or for the plaintiff. This brings up for review the correctness of such instruction.

Section 1204 of the Code of Civil Procedure provides:

"Judgment may be given for or against one or more plaintiffs, and for or against one or more defendants. It may determine the ultimate rights of the parties on the same side, as between themselves; and it may grant, to a defendant, any affirmative relief, to which he is entitled."

This is a re-enactment of the first and second subdivisions of section 274 of the Code of Procedure.

It is well settled by numerous adjudications, under the foregoing provisions, that the common-law rule that, in an action against several defendants upon an alleged joint contract, the plaintiff must fail unless he establishes the joint liability of all the defendants, is no longer the rule of procedure in this state. Parker v. Jackson, 16 Barb. 33; Harrington v. Higham, 15 Barb. 525; Brumskill v. James, 11 N. Y. 294; Bacon v. Comstock, 11 How. Prac. 197; Claflin v. Butterly, 5 Duer, 327, 2 Abb. Prac. 446; Zink v. Altenburg, 18 How. Prac. 108; McKensie v. Farrell, 4 Bosw. 193; Pruyn v. Black, 21 N. Y. 300; McIntosh v. Ensign, 28 N. Y. 169; Fielden v. Lahens, 2 Abb. Dec. 111; Stimson v. Van Pelt, 66 Barb. 151; McGuire v. Johnson, 2 Lans. 305; Clegg v. Cramer, 32 Hun, 162; Barth v. Amberg, 9 N. Y. St. Rep. 522; Stedeker v. Bernard, 102 N. Y. 327, 6 N. E. 791; Strauss v. Trotter, 6 Misc. Rep. 489, 26 N. Y. Supp. 20.

The case of Hand v. Rogers, 16 Misc. Rep. 17, 37 N. Y. Supp. 657, cited by the respondent, has no application, for the reason that there the contesting defendant executed the contract in a certain firm name, but it did not appear that there was no such firm, of which the defendant was alleged to be a member, or that the contract was for his individual benefit. Here, however, the situation is entirely different. The defaulting defendant, and not the appellant, execut-

ed the notes in question, and the testimony of the latter would have supported a finding by the jury that the alleged transactions were had after the firm had ceased to exist, or that they were for the sole benefit of the said defendant George Theiss.

In the light of the foregoing authorities, it is manifest that the instruction that the jury must find a verdict either against or in favor of both defendants was erroneous; for under it the jury were prohibited from rendering a separate verdict for or against either of the defendants, even though they may have arrived at the conclusion that the defendant George Theiss signed the notes in the firm name after its dissolution, and that the appellant had severed his connection with the firm before the transactions adverted to took place.

These considerations may have influenced the jury when deliberating upon the questions of fact submitted for their determination, and especially in determining the liability of the defendants upon the claim of the plaintiff, and sought to be enforced by this action; and, as we do not know but that their verdict was rendered upon the strength of this instruction, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.