(61 Misc. Rep. 319.)

### LAPINSKY v. COLISH et al.

(Supreme Court, Appellate Term.　December 24, 1908.)

1. PLEADING (§ 237\*)—AMENDMENT—CONFORMING TO PROOF.

In an action against two persons as partners, in which one of the defendants answers as an individual, and at the close of plaintiff's case admits that he is the person liable on the cause of action, a motion then made by plaintiff, without objection from defendant, to amend the complaint and process, and to dismiss the action as to the other defendant, is improperly denied.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 237.\*]

2. PARTNERSHIP (§ 219\*)—ACTION—JUDGMENT—ON TRIAL OF ISSUES—JUDGMENT AGAINST ONE OR MORE DEFENDANTS.

Where two or more persons are sued as partners, and plaintiff fails to establish a joint liability against all, judgment may be had against any one or more of the defendants found to be liable.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 431; Dec. Dig. § 219.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Sam Lapinsky against Moses Colish and another. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Julius Blumoff, for appellant.

Sporborg & Cantor (Harold S. Fleischer, of counsel), for respondents.

FORD, J.　Plaintiff sues for goods sold and delivered. One paragraph of his complaint alleges that the defendants are partners. The next paragraph alleges a sale and delivery of the goods to the defendants. The defendant Moses Colish answered. On the trial, plaintiff could not prove the partnership; but at the close of the plaintiff's case defendant's counsel admitted that Moses Colish owed $188.25, which is the amount of plaintiff's claim. Plaintiff then moved to amend the complaint, so as to allege a cause of action against Moses Colish individually, instead of against a partnership, and to discontinue as against the other defendant, and to amend the summons and complaint by striking out the words "and as copartners," which motion the court took under advisement, together with defendant's motion to dismiss at the close of the whole case. Subsequently the court dismissed the complaint.

Since the proposed amendment was not opposed on the ground of surprise, such motion should have been granted. Universal Cutter Co. v. Emden (Sup.) 107 N. Y. Supp. 669; Municipal Court Act (Laws 1902, p. 1542, c. 580) § 166; Langbein's Mun. Ct. Pr. (6th Ed.) pp. 329, 300, and cases there cited. But it was not necessary to make such a motion. Where two or more are sued as joint debtors, and plaintiff fails to establish a joint liability against all, judgment may be had against one, if only one is liable. Stimson v. Van Pelt,

66 Barb. 151; Knickerbocker Ice Co. v. Theiss, 23 Misc. Rep. 625, 52 N. Y. Supp. 163, distinguishing Hand v. Rogers, 16 Misc. Rep. 17, 37 N. Y. Supp. 657, relied on by the defendant; Lawton v. Partridge, 111 App. Div. 8, 97 N. Y. Supp. 516. It is certainly going pretty far to dismiss the complaint in an action for goods sold and delivered, where one of the defendants admits owing the amount sued for.

The judgment should be reversed, with costs to the appellant, and judgment entered for the plaintiff and against the defendant Moses Colish for the relief demanded in the complaint, with costs in the court below. All concur.

---

### PAGE v. AMERICAN & BRITISH MFG. CO. et al.

(Supreme Court, Appellate Division, First Department. December 18, 1908.)

CORPORATIONS (§ 67*)—STOCK—CHANGING RELATIVE VOTING POWER.

The right of a stockholder to a voice in the management of the corporation being a vested right, in the absence of express statutory authority for changing the relative voting power of stock, a corporation under the general power given by Stock Corporation Law (Laws 1890, p. 1074, c. 564) § 44, to increase or reduce its capital stock, may not, against the will of holders of common stock, reduce it, while leaving the preferred stock as before, thus increasing the relative voting power of the latter.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 181; Dec. Dig. § 67.*]

Appeal from Special Term.