(29 Misc. Rep. 357.)

### WOOD v. SPOFFORD.

(Supreme Court, Appellate Term. October 25, 1899.)

JURISDICTION—CONTINUANCE—PRESUMPTION.

Under Consol. Act, § 1362, which provides that a justice of the municipal court may adjourn the trial of an action, on the application of either party, for a period not exceeding eight days, but by consent, or where neither party objects, a longer adjournment may be granted, a judgment rendered after a trial held after an adjournment of more than eight days, where it does not appear from the record whether the parties consented thereto or whether either of them objected, will not be disturbed, as it will be presumed that the court had jurisdiction.

Appeal from municipal court, borough of Manhattan, Second district.

Action by George R. Wood against Joseph L. Spofford. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Charles P. Hallock, for appellant.
Baggott & Ryall, for respondent.

LEVENTRITT, J. A reversal of the judgment under review is sought on the ground that the justice lost jurisdiction of the cause by granting an adjournment of the trial for a period greater than eight days. The appellant bases his contention on section 1362 of

the consolidation act, which provides that the trial of an action may be adjourned by the court, on the application of either party, for a period not exceeding eight days, but that "by consent or where neither party objects" a longer adjournment may be granted. The return discloses the fact that an adjournment for more than eight days was had, but it does not appear whether the parties consented thereto, or whether either of them objected. Jurisdiction having concededly attached, it will be presumed to continue until it affirmatively appears that it has been devested; and this rule obtains even in courts of limited jurisdiction. 12 Am. & Eng. Enc. Law, 274, 275, and cases cited. No papers are contained in the record—which is conclusive on us—showing that the appellant objected. The mere statement of counsel that he had objected is not a substitute for the fact. The proceedings will be deemed regular until the contrary appears. Judgment affirmed.

Judgment affirmed, with costs to respondent. All concur.

