In re HARLEM RIVER BANK. (Supreme Court. Appellate Division, First Department. October 24, 1902.) In the matter of the Harlem River Bank. No opinion. Motion denied, with $10 costs.

HAWKINS, Respondent, v. BATTLES, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 14, 1902.) Action by Edward J. Hawkins against Frank H. Battles. No opinion. Judgment and order affirmed, with costs.

HENNESSY, Respondent, v. BLOOM, Appellant. (Supreme Court, Appellate Term. May, 1902.) Action by Thomas Hennessy against Lizzie Bloom. L. Scheuer, for appellant. Meyer Greenberg, for respondent.

PER CURIAM. A reversal of the judgment herein is sought upon the ground that, the cause having been adjourned from January 14th to January 24th, a period of more than eight days, the justice lost jurisdiction, and the judgment subsequently rendered is void. An adjournment for more than eight days may be granted "by consent, or where neither party objects." Consol. Act, § 1362. No objection to the granting of the adjournment aforesaid appears in the return herein. "Jurisdiction having previously attached, it will be presumed to continue until it affirmatively appears that it has been devested." Wood v. Spofford, 29 Misc. Rep. 357, 60 N. Y. Supp. 492. On the 24th of January the defendant's attorney appeared and objected to the jurisdiction of the court, claiming that he had, on January 14th, objected to the adjournment to January 24th, and that such adjournment was not consented to by him. He refused to proceed with the trial, although his client was present in court, and the court offered to grant a further adjournment, if the defendant was unprepared to go on with the trial. Before the defendant's attorney declined to go on with the trial, however, he submitted his affidavit in support of his contention that he had appeared on January 14th and objected to the adjournment, and the plaintiff's attorney also submitted an affidavit in which he testified that the defendant's attorney had consented to such adjournment. Upon the issue thus raised by these conflicting affidavits the justice decided adversely to the defendant, and the plaintiff then proceeded to trial, and a verdict was directed in his favor. After the verdict was rendered the defendant then asked for a stay of execution, which the court refused, on the ground of want of jurisdiction to grant such request. We think that the defendant, having appeared, and put in issue the question of the jurisdiction of the justice, and submitted proof upon that question, is bound by the decision of the court upon the facts upon which such jurisdiction depended by thereafter going on with the trial, and is estopped from now attacking such jurisdiction. Judgment affirmed, with costs.

HERMAN, Respondent, v. RADER, Appellant. (Supreme Court, Appellate Division, Second Department. October 10, 1902.) Action by Abraham Herman against Charles Rader. No opinion. Judgment of the municipal court affirmed by default, with costs.

HESS et al., Appellants, v. EGGERS, Respondent. (Supreme Court, Appellate Term. May, 1902.) Action by Nathaniel J. Hess and another against George W. Eggers. Ritch, Woodford, Bovee & Wallace (C. N. Bovee, Jr., and Benjamin A. Grosnor, of counsel), for appellants. Otis & Pressinger (A. Walker Otis, of counsel), for respondent.

FREEDMAN, P. J. The action was originally brought by Morris Hess, a loan broker, who claimed that, for services rendered by him to the defendant in procuring for the defendant from the Metropolitan Life Insurance Company a loan on defendant's real estate, there was due and owing to him the sum of $1,335. After his death the action was revived in the name of the plaintiffs as his administrators. The case was submitted to the jury on a disputed question of fact, and their finding upon it in favor of the defendant presents no question for review by this court. But, independently of that, the evidence conclusively shows that Morris Hess was not entitled to anything unless the loan was actually made to the defendant. The Metropolitan Life Insurance Company never made it, and the evidence is utterly insufficient to establish that it was the fault of the defendant. Gatling v. Central Spar Verein, 67 App. Div. 50, 73 N. Y. Supp. 496. Moreover, the complaint pleaded full performance, and not an excuse or waiver for nonperformance. Under such a complaint the plaintiffs were not entitled to introduce proof to show that the failure to procure the loan was chargeable to the defendant. Schnaier v. Nathan, 31 App. Div. 225, 52 N. Y. Supp. 812; Elting v. Dayton (Sup.) 17 N. Y. Supp. 849, 43 N. Y. St. Rep. 363, affirmed 144 N. Y. 644. 39 N. E. 493; Bossert v. Poerschke, 51 App. Div. 381, 64 N. Y. Supp. 733. And finally, even if the evidence were not as conclusive as it is that the broker's compensation for procuring the loan was by the express agreement of the parties "to be deducted from the loan on the day of closing," the plaintiffs, under the rule laid down in Crasto v. White, 52 Hun, 473, 5 N. Y. Supp. 718, would still be unable to recover, except upon proof that the loan was actually made. For the foregoing reasons, it is unnecessary to discuss the remaining questions in the case. The judgment (76 N. Y. Supp. 980) should be affirmed, with costs. Judgment affirmed, with costs. All concur.