HALL, Respondent, v. LOUIS WEBER BUILDING CO., Appellant. (Supreme Court, Appellate Term. June, 1902.) Action by Gardiner Hall against the Louis Weber Building Company. A. P. Fitch, for appellant. P. J. O'Beirne, for respondent.

PER CURIAM. The case was set down for trial at defendant's request on March 4, 1902. The defendant did not appear on said day, and upon motion of the plaintiff the trial was adjourned to March 25th, and notice thereof given to defendant. On said adjourned day the defendant appeared, and plaintiff moved for an adjournment to April 3, 1902. The defendant objected, and raised the point that the court had lost jurisdiction of the case by reason

of the adjournment from March 4th to March 25th. The point was overruled, and the trial adjourned to April 3d, when defendant again appeared and urged that the said adjournment from March 4th to March 25th was illegal, and operated as a discontinuance of the action, for the reason that it devested the court of jurisdiction to render any judgment under section 1362 of the consolidation act. This objection was again overruled, and upon plaintiff's motion the case was adjourned from time to time until April 30th, when defendant failed to appear and an inquest was taken. The justice gave judgment in favor of the plaintiff for $291.31. Defendant appeals. The defendant rests its appeal solely upon the want of jurisdiction, by reason of the adjournment from March 4th to March 25th, as above set forth. Section 1362 of the consolidation act provides that the trial may be adjourned on application of either party, for a period of not over eight days at any one adjournment, unless the defendant is under arrest, which was not the case here; but that a longer adjournment may be granted on consent, or where neither party objects to the same. The rule is that, where jurisdiction has attached, it will be presumed to continue until it affirmatively appears that it has been devested. See Wood v. Spofford, 29 Misc. Rep. 357, 60 N. Y. Supp. 492 (appellate term decision). The record here does not show any objection on the part of the defendant, when the adjournment was granted on March 4th. In fact, the defendant was not represented on that day. Nor did the defendant raise any objection when he received the notice of adjournment on March 5th, and the order on March 7, 1902, granting the adjournment. It was not until the adjourned day, i. e., March 25th, that he raised his objection. As we have seen, the section in question provides that "the trial may be adjourned for a longer period by consent, or where neither party objects to the same." Neither party did object to the adjournment in question. The judgment is affirmed, with costs.

---

HAMILTON, Respondent, v. FIDELITY MUT. LIFE ASS'N, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by Lucie Hamilton against the Fidelity Mutual Life Association. No opinion. Motion for reargument denied, with $10 costs. Motion to amend order, so as to recite that the reversal was upon questions of law only, the facts having been examined and no error found therein, granted.

---

HAMLIN, Respondent, v. STEVENS, Appellant, et al. (Supreme Court, Appellate Division, Fourth Department. October 7, 1902.) Action by Charles A. Hamlin, as administrator, etc., against Lyman A. Stevens, impleaded, etc. No opinion. Motion denied, without costs, with leave to the respondent to renew the motion, unless the appellant shall proceed with reasonable diligence to procure the papers on appeal to be printed, filed, and served.