(46 Misc. Rep. 97)

### BUNKE v. NEW YORK TELEPHONE CO.

(Supreme Court, Appellate Term. December 23, 1904.)

1. APPEAL—OCCURRENCES AT TRIAL—JUSTICE'S RETURN.
    The return of the trial justice is conclusive as to what occurred at the trial.

2. PLEADING—AMENDMENT IN MUNICIPAL COURT.
    Under Municipal Court Act, § 166, providing that the court must allow pleadings to be amended if justice will be promoted thereby, it was not error to allow oral pleadings, in an action for the use and occupation of the roof of plaintiff's house by defendant for the purpose of stringing telephone wires, to be amended so as to base the claim on trespass.

3. TRESPASS—MEASURE OF DAMAGE.
    Where defendant wrongfully and without plaintiff's consent used the roof of his house to string telephone wires on, plaintiff was entitled, in an action for the trespass, to recover the reasonable rental value of the roof for the purpose for which defendant used it.
    MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Rotje Bunke against the New York Telephone Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Warren Leslie (Alfred B. Cruikshank, of counsel), for appellant.
Kenneson, Emley & Rubino (J. Noble Emley and Henry A. Rubino, of counsel), for respondent.

GILDERSLEEVE, J. This action was brought to recover $500 for use and occupation by the defendant of the roof of plaintiff's house, No. 327 Pleasant avenue, Manhattan, in the city of New York. The defendant had continuously used said roof from January 31, 1903, to January 2, 1904, for stringing and maintaining its

telephone wires and construction. The pleadings were oral. The defendant entered a general denial and demanded a bill of particulars. The defendant was prepared with a bond and order to remove the case to the City Court. Immediately after issue was joined both counsel addressed the court. Plaintiff's counsel asked to have the amount of plaintiff's claim reduced to $200, and defendant's counsel asked for an order removing the cause to the City Court. There is a dispute as to which first addressed the court. The learned trial justice held that the bond and order for the removal of the action were tendered too late, and so states in his return.

Appellant claims that the trial court erred in refusing to direct the removal of the cause to the City Court; that when the bond and order of removal were tendered the court lost jurisdiction of the action, except to grant the order, and for that reason all the proceedings subsequent were illegal, and that upon this ground the judgment should be reversed. The return of the trial justice is conclusive of what occurred, and the above contention of the appellant in this court cannot be sustained. This precise question arises in the case of Sherwood v. N. Y. Tel. Co. (argued and decided by us this term) 91 N. Y. Supp. 387, and is fully discussed in the opinion handed down in that case. The court below did not lose jurisdiction of the action.

The motions above described having been disposed of as stated, the plaintiff asked for a jury, and the case was set for trial on January 20, 1904, and subsequently adjourned to February 4th. On that day a bill of particulars was furnished by plaintiff's attorney, which reads as follows:

"This action is brought to recover for the use of plaintiff's property, No. 327 Pleasant avenue, New York City, by the defendant, for the maintenance of its wires, and construction, since January 31, 1903, and that the fair rental value thereof is $200."

Twenty-seven pages of the record are taken up in detailing the efforts taken up in obtaining a jury. When the plaintiff's testimony was all in, he moved to amend the complaint by substituting trespass as his cause of action, instead of use and occupation, to conform to the proof taken. The motion was granted, over defendant's objection, and the trial was adjourned to February 10th; the jury then present was discharged, and a new jury was summoned. There was a lengthy discussion by the court and counsel at the time of adjournment. It appears, I think we may safely say, that the adjournment was procured by the defendant mainly upon the ground of surprise, and to give the defendant time to produce witnesses to contradict the testimony of the plaintiff. On the adjourned day, February 10, 1904, issue was joined upon the amended cause of action, viz., "action for trespass"—answer, "general denial"—and an allegation that "any entry upon plaintiff's property was done by plaintiff's consent." The selection of a new jury then proceeded. The defendant challenged the array of jurors from which the jurors to try the case were to be selected. Testimony was taken on this challenge; the court overruled the objec-

tions to the array, and the defendant excepted. We think that, so far as appears from the record, the provisions of the Municipal Court act for the selection of jurors was substantially complied with; that the defendant's rights in respect of a jury were in no way infringed; and that the ruling of the court below, on this objection of the defendant, should not be disturbed. A jury was finally chosen, and the trial proceeded.

The defendant urges, upon this appeal, that the amendment of the complaint, by changing it from one for use and occupation to one for trespass, was reversible error. We think not. Section 166, Municipal Court Act, Laws 1902, p. 1542, c. 580, provides as follows: "The court must, upon application, allow a pleading to be amended at any time, if substantial justice will be promoted thereby." It is not an unusual practice to allow amendments in the Municipal Court, even to the extent of changing the cause of action. In the case at bar the amendment fairly raised the points in controversy between the parties, and presented an issue, the determination of which would judicially settle their differences on the subject in question. The granting of the motion to amend was therefore clearly in furtherance of justice. Moreover, the trial we are now reviewing was a trial de novo. After the amendment was granted, the defendant was given ample time to meet the new issue. A new jury was chosen, and in the matter of procedure, certainly, the rights of the defendant were fully conserved.

The evidence shows that the defendant had used plaintiff's property between January 31, 1903, and January 2, 1904, continuously for stringing 14 to 16 wires over the roof and on the chimneys, and that it had nailed wires to the side wall, and all this without any permission from the plaintiff. A witness who for eight years had been employed by the defendant company in making contracts and settling claims arising out of the use of roofs for just such purposes testified that the use of the roof in question was of the value of $100 a year to the defendant. We think the learned trial justice laid down the correct rule of damages. The plaintiff claims he was entitled to recover the fair and reasonable value of the occupation of his property by the defendant's wires for the period in question. The court said to the jury, "In case you find for the plaintiff, you will find such damages, either nominal or substantial, as you think reasonable." And again, "It is for you to judge, in case you find any damages at all, what the fair and reasonable rental value is." Under the rule laid down in Decamp v. Bullard, 159 N. Y. 459, 54 N. E. 26, which we deem in point and applicable here, the plaintiff is entitled to damages, measured by the benefit to the defendant. The testimony establishes a deliberate and continuous trespass by the defendant. The verdict of the jury awarding the plaintiff $50 damages is amply supported by the proof, and should stand.

We find no errors in the acceptance and exclusion of evidence prejudicial to the defendant. The judgment is right and should be affirmed.

Judgment affirmed, with costs to the respondent.

FREEDMAN, P. J. (concurring).  Although the applicability of section 2944 of the Code of Civil Procedure to the Municipal Court as it existed under section 1347 of the Consolidation Act (Laws 1882, p. 348, c. 410) was repealed by the new Municipal Court Act, the substance of section 2944 was re-enacted by section 166 of the last-mentioned act (Laws 1902, p. 1542, c. 580), and hence I feel constrained by the decision of this court in Hawkes v. Burke, 34 Misc. Rep. 189, 68 N. Y. Supp. 798, to concede that the power of the Municipal Court to allow an amendment of the pleading goes to the extent of allowing an amendment which involves a new cause of action or defense, provided substantial justice will be promoted thereby.  In the present case it may well be said that substantial justice was promoted by the change allowed, as demonstrated by Mr. Justice GILDERSLEEVE, and I concur in his opinion for affirmance of the judgment, with costs.

MacLEAN, J. (dissenting).  Unless the statutory expression "furtherance of justice" be transmuted into "furtherance of litigation," the subversionary amendment of the plaintiff's pleading suffered herein can hardly be countenanced.  That "it concerns the state that there be an end of lawsuits" is an old maxim, deeply fixed in the fundamentals of the common law.  1 Sum. 492.  Surely the state is not favorably concerned that litigation promoted upon the assistance of and the knowledge acquired by persons long in the employment of defendant be facilitated by new precedent.