TURNER v. CEDAR et al.

(Supreme Court, Appellate Term. January 17, 1905.)

1. CONVERSION—ACTION—NECESSITY OF DEMAND.
　　Where one having possession of the property of another indicated by his conduct a fixed resolution not to surrender it, a formal demand for a return was not necessary to the maintenance of an action for conversion.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Maude Turner against Peter Cedar and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

McEachen & Elkus, for appellants.

C. H. & J. A. Young, for respondent.

SCOTT, J. The justice below resolved the question of fact in favor of the plaintiff upon conflicting evidence. With his conclusion we do not feel called upon to disagree. We must therefore conclude that the respondent neither herself sold the dog to the appellant, nor authorized the dealer, Cedar, to do so. It follows that the appellant never came rightfully into possession of the animal, and never acquired either title or right of possession. If it is not made entirely clear in whose possession the dog actually was immediately before this action was begun, the confusion is caused by circumstances of the appellant's own making, which were apparently of such a character that, whether possession was alleged in him or in the defendant Jordan, it would be possible to make a colorable claim that possession was really in the other. The truth doubtless is that, if defendant Jordan was in possession, it was for account and as agent for and employé of this defendant.

If a demand from this appellant was necessary; it was sufficiently made after the proceedings in the magistrate's court. The remark made by appellant at that time indicated a fixed resolve not to surrender the dog, and rendered a mere formal demand unnecessary. The objection to the amendment of the complaint is untenable. Bunke v. N. Y. Tel. Co. (Sup.) 91 N. Y. Supp. 390.

The judgment must be affirmed, with costs. All concur.