## CLEMENS v. WERNER CO.

(Supreme Court, Appellate Term. December 11, 1906.)

COURTS—MUNICIPAL COURTS—JURISDICTION—LOSS BY ADJOURNMENT.

Defendant's traverse of the return was overruled April 5, 1906, and defendant granted leave to plead, and the case adjourned for that purpose to April 26th. A proposed amendment submitted by plaintiff's attorney requested that the return show that defendant asked for five days' time in which to plead after the decision of the issue raised by the

traverse. There was also a notice, dated April 16th, from plaintiff's attorneys, served on defendant's attorneys, that the decision of the traverse had been made and the case set down for trial on April 26th. *Held*, that such facts showed that defendant did not consent to an adjournment of more than eight days, authorized by Municipal Court Act, Laws 1902, p. 1547, c. 580, § 193, and that the court therefore lost jurisdiction by the adjournment from April 16th to April 26th.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Will M. Clemens against the Werner Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Morgan & Mitchell, for appellant.

C. H. & J. A. Young, for respondent.

FITZGERALD, J. The defendant's attorneys appeared specially in this action to traverse the sufficiency of the return, testimony was taken upon the issue raised, and, as appears by the stenographer's minutes:

"Traverse overruled. Defendant granted leave to plead, and case adjourned for that purpose to April 26, 1906."

These words are written in ink, and are not typewritten as is the evidence taken, and were evidently written in the minutes at a later day than when the issue was tried on April 5, 1906. The words above quoted would be conclusive upon this court as to the granting of an adjournment, and the adjournment from April 5th to April 26th would be deemed to have been granted upon consent (Wood v. Spofford, 29 Misc. Rep. 357, 60 N. Y. Supp. 492), but for the further fact that there appears in the return a proposed amendment to the return submitted by the plaintiff's attorney, whereby he asks that there be inserted in the return an amendment setting forth that the defendant asked for five days' time in which to plead after the decision was made as to the issue raised by the traverse. There is also a notice from the plaintiff's attorneys, served upon the defendant's attorneys, that the decision of the traverse had been made and the case set down for trial on April 26th. This notice was dated April 16th, thus showing that the decision of the traverse must have been given at or previous to April 16th, and the case adjourned therefrom for over the five days asked for by defendant and more than the eight days provided for by section 193, Municipal Court Act (Laws 1902, p. 1547, c. 580). We must therefore assume, from the state of the record and these facts, that the defendant did not consent to an adjournment of more than eight days, and that the court, therefore, lost jurisdiction by an adjournment from April 16 to April 26, 1906.

Judgment reversed, with costs to appellant, and complaint dismissed. All concur.