(52 Misc. Rep. 482)

### SCHILLER v. HARDENBURG et al.

(Supreme Court, Appellate Term. February 4, 1907.)

1. COURTS—MUNICIPAL COURT—NONRESIDENT PLAINTIFF.

A nonresident of the state, merely "working" at a place within a district of New York City, has not "a place * * * for the transaction of business" therein, within Municipal Court Act, Laws 1902, p. 1497, c. 580, § 25 (3), providing that an action in the Municipal Court must, when brought by a nonresident of the city, be brought in the district in which defendant resides, but that no person having a place in the city for the transaction of business shall be deemed a nonresident.

2. SAME—DEFAULT JUDGMENT—APPEAL.

Though the Municipal Court erred in denying defendant's motion to remove the action, brought by a nonresident, to the district in which defendant resided, yet, an appeal not being authorized by Municipal Court Act, Laws 1902, p. 1486, c. 580, from a default judgment, where the court had jurisdiction of the person and subject-matter, which the court had in such action, the remedy of defendant for such error of the court in the matter of practice is not by appeal from the default judgment which he allowed to be taken, but by application to open his default, and by appeal from any judgment on the merits which may be rendered against him, on which he can have the order complained of reversed and the case sent to the proper district for trial.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William Schiller against Henry B. Hardenburg and others From a judgment for plaintiff, defendants appeal. Dismissed.

Argued before GILDERSLEEVE, BLANCHARD, and DAY TON, JJ.

Rudolph Marks, for appellants.

GILDERSLEEVE, J. A summons in this action was issued on June 4, 1906, returnable June 12, 1906, and was returned with proof of personal service upon the defendant Hardenburg at Center street in this city. The summons was issued out of and returnable to the First District Court, borough of Manhattan. Upon the return day the defendant Hardenburg appeared and filed an affidavit setting forth that the defendant resided in the borough of Brooklyn, Seventh district, and that the plaintiff also resided in Brooklyn, and asked that the cause be removed from said First district to the Seventh district of Brooklyn for trial. This motion was opposed by the plaintiff, and time was given him to file an affidavit, and the case was adjourned until June 26, 1906. Upon that day the plaintiff submitted an affidavit, in

which he testified that he "resides at 3787 Boulevard, in the city of
Hoboken, state of New Jersey, and works at 117–119 Prince street,
which is in the First district, borough of Manhattan. The court there-
upon denied the defendant's motion for a removal of the cause, and an
order to that effect was entered. The defendant made no further ap-
pearance in the action, and on the 3d day of July, 1906, judgment was
rendered against the defendant Hardenburg, from which judgment
he appeals, and states in his notice of appeal that he brings up for re-
view the order denying his motion for a removal of the cause from
the First district of the borough of Manhattan to the Seventh district,
borough of Brooklyn.

The refusal of the court to make the transfer of the action was
undoubtedly error. Clearly the plaintiff was not a resident of the city
of New York. His affidavit so states, and the fact, therein stated,
that he "works at 117–119 Prince street, borough of Manhattan, which
is in the First district," in no way gives the court a right to retain the
cause for trial in said First district. The place of trial of an action
depends solely upon the residence of the parties thereto, and section
25, subd. 3, Municipal Court Act (Laws 1902, p. 1497, c. 580), de-
clares that an action in the Municipal Court must, when brought by a
plaintiff not residing in the city of New York, be "brought in the dis-
trict in which the defendant or one of the defendants resides."
It is true that said subdivision also declares that:

"No person who shall have a place in said city for the transaction of busi-
ness shall be deemed a nonresident under the provisions of this act."

But this clause cannot be construed as intending to give a person
who is merely "working" at a place in a certain district, and is actually
a nonresident of the state, a right to name the place of trial of an ac-
tion brought by him fixed in that district as against a defendant who
actually resides in another district within the city. Subdivision 4 of
section 25 requires the court to make an order removing the cause
when the district in which the action is brought is not the proper one,
upon demand therefor made at the joinder of issue and stating the
proper district in which the cause must be tried, and the defendant has
complied with the provisions of the section in those respects. It fol-
lows, therefore, that the order removing the cause to the Seventh dis-
trict, borough of Brooklyn, should have been granted.

The defendant, however, cannot be relieved under this appeal. The
appeal is from a judgment taken by default, and from such a judgment,
taken under the circumstances in this case, no appeal will lie. All
the cases cited by the appellant relative to the right to appeal from
judgments taken by default were decided prior to the passage of the
Municipal Court act and are not now applicable. Where personal
service of the summons is not made, and the defendant has not ap-
peared, an appeal will lie under section 311, Municipal Court Act.
So, also, an appeal will lie from a judgment rendered without jurisdic-
tion. Risley v. Bank, 83 N. Y. 318, 38 Am. Rep. 421; Catlin v. Rundell,
1 App. Div. 157, 37 N. Y. Supp. 979; McMahon v. Rauhr, 47 N. Y.
67. But in the case at bar the court had jurisdiction both of the person
and subject-matter, and merely erred in a matter of practice. The

statute (section 25 of the Municipal Court act) expressly declares that, notwithstanding the action is not brought in the proper district, it may be tried there if no demand for transfer is made, and, in case demand is made there, the action is not dismissed, but removed to the proper district. The defendant should apply to the court below to open his default, and, if defeated upon the trial of the issues, upon appeal from the judgment can then have the order complained of reversed, and the case sent to the proper district for trial.

Appeal dismissed, with $10 costs. All concur.

