(53 Misc. Rep. 294)

## FEDERAL SIGN SYSTEM ELECTRIC v. BLOYEN.

(Supreme Court, Appellate Term.   March 14, 1907.)

COURTS—MUNICIPAL COURTS—LOSS OF JURISDICTION—TRANSFER OF CAUSES.

Where an action commenced in the proper Municipal Court district was transferred to another Municipal Court district over defendant's objection, the court lost jurisdiction thereof, as under Municipal Court Act, Laws 1902, p. 1497. c. 580, § 25, subd. 4, the only authority the Municipal Court has for the transfer of an action, except on consent of the parties, is where the district in which the action is brought is not the proper one.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the Federal Sign System Electric against George Bloyen. From a judgment for plaintiff, defendant appeals.   Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Alexander Lamont, for appellant.
David Paine, for respondent.

GILDERSLEEVE, P. J.   This action was brought in the Tenth district, which concededly was the proper place for its trial under subdivision 1, § 25, of the Municipal Court Act (Laws 1902, p. 1497, c. 580).   It came on for trial on October 31, 1906, at about 12:20 p. m. of that day, and while the defendant was cross-examining a witness the court charged the defendant's counsel with prolonging the case, by asking the same questions repeatedly, a course clearly within the power of the court to control, and the trial judge said: "I am going to set this case aside and take up another case."   This was objected to by defendant's counsel, but the court took up other cases and proceeded with the trial of those until 3:50 p. m.   The plaintiff then asked the court not to proceed further with the case on that day, owing to the absence of a witness.   The judge thereupon announced that he proposed to take the case to the Seventh district, there to finish the trial. The defendant thereupon objected to such removal of the trial of the case, and announced his readiness to proceed, and asked for a dismissal of the case owing to the plaintiff's inability to proceed, and excepted to the refusal of the court to rule upon his motion:   The hearing was thereupon adjourned until November 1st, to the Seventh District Court.   Upon the resumption of the hearing in the Seventh district the defendant again objected to the trial proceeding in the Seventh district, and asked that it be sent back to the Tenth district, which was refused, and the defendant excepted.

The only authority given the Municipal Court for the transfer of the trial of an action from one district to another, except upon consent

of the parties, is where the district in which the action is brought is
not the proper district. Subdivison 4, § 25, Municipal Court Act.
By the transfer of this action the court lost jurisdiction to render any
judgment against the defendant, and the judgment must be reversed,

Judgment reversed, and complaint dismissed, with costs. All concur.