## BERLINER et al. v. M. ZIMMERMANN CO.

(Supreme Court, Appellate Term.   May 16, 1907.)

**1. COURTS—MUNICIPAL COURTS—PROCEDURE—ADJOURNMENT OF SESSION.**

Under Municipal Court Act, Laws 1902, p. 1557, c. 580, § 232, providing that if, after a trial without a jury, the judge shall certify within 14 days that the evidence is so conflicting that he has been unable to determine the issues of fact and that the case should be tried by a jury, he may set the case down for trial by a jury for a day not more than 8 days from the time of making the order, where a case was tried November 16th, and on November 25th the justice filed a certificate that owing to conflicting evidence he would send the case to a jury, the time to file the certificate expired on November 30th, and the time within which to set the case down for trial expired December 8th.

**2. SAME—EXTENT OF JURISDICTION—DEVESTITURE OF JURISDICTION.**

The act of the justice in setting the case down for trial on December 12th was illegal, and resulted in devesting himself of jurisdiction.

**3. SAME—WAIVER OF OBJECTIONS—CONSENT OF PARTIES TO JURISDICTION OF PERSON.**

On December 11th the parties stipulated in writing an adjournment to December 19th, and on December 12th, by consent of the parties, the court adjourned the case to December 19th. *Held*, that making the stipulation and consenting to the adjournment waived jurisdictional defects, and conferred jurisdiction to proceed with the action, since the court had jurisdiction of the subject-matter.

**4. SAME.**

The signing of the stipulation and the consent to an adjournment to a future day constitute a voluntary appearance and joinder of issues by the parties, within the contemplation of Municipal Court Act, Laws 1902, p. 1498, c. 580, § 26.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Benjamin Berliner and another against the M. Zimmermann Company.   From an order dismissing the case, plaintiffs appeal. Reversed and remanded.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Engel, Engel & Oppenheimer, for appellants.

Samuel D. Levy (Louis Lande, of counsel), for respondent.

SEABURY, J.  This action was brought to recover for goods sold and delivered to the defendant, and was commenced June 30, 1904, and was tried November 16, 1906, and on November 25, 1906, the justice before whom the case was tried filed a certificate to the effect that, owing to the conflicting testimony, he would send the case to a jury and set the case down for trial for December 12, 1906.   On December 11, 1906, a stipulation in writing was entered into between the parties adjourning the case to December 19, 1906, and on December 12, 1906, the court by consent of both parties adjourned the case to December 19, 1906.   Upon the adjourned day, after a jury had been impaneled, the defendant's counsel moved to dismiss the case upon the ground that the court was without jurisdiction, owing to the fact that the justice before whom the case was first tried was without

power to set the case over for more than eight days. This motion was granted, and judgment dismissing the complaint was rendered by the court. A motion was made to set aside this dismissal in the court below, and denied, and the plaintiffs appeal from the judgment and the order denying the motion to set aside the judgment.

Section 232 of the Municipal Court act (Laws 1902, p. 1557, c. 580) provides that:

"If after a trial shall have been had before the court, without a jury, the judge shall, within fourteen days after the submission of the case or proceeding certify that the evidence is of such a conflicting nature that he has been unable to determine the issues of fact, and that he deems it proper that the same should be tried by a jury, he may by order set the same down for trial by jury for a day not more than eight days from the time of the making of the order, and thereupon the action or proceeding shall be continued in court, and tried by a jury as hereinbefore provided in the case where a trial by jury is ordered by the court before trial."

The trial justice had 14 days from the date of the submission of the case to him, either to decide it or to make the certificate authorized by section 232 of the Municipal Court act. In this case the time within which to file the certificate expired on November 30, 1906, and the time within which to set the case down for trial expired on December 8, 1906. The act of the justice in setting the case down for trial for December 12, 1906, was clearly illegal, and in violation of the provisions of section 232 of the Municipal Court act, and resulted in divesting himself of jurisdiction. Lambert v. Solomon (Sup.) 59 N. Y. Supp. 676; Lamura v. Haggerty (Sup.) 62 N. Y. Supp. 1084; Frost v. Kopp, 13 N. Y. St. Rep. 707; Orvis v. Curtis, 28 N. Y. Supp. 728, 8 Misc. Rep. 681; Dalton v. Loughlin, 4 Abb. N. C. 187.

The Municipal Court had jurisdiction of the subject-matter of the action, and, while the act of the justice in setting the case down for trial for December 12, 1906, was void, the acts of the parties in entering into the stipulation adjourning the case to a future date, and appearing in open court and consenting to such adjournment, constituted a waiver of any jurisdictional defects, and jurisdiction to proceed with the action was thus conferred by consent of the parties. Where the court has jurisdiction of the subject-matter of the action, defects and irregularities in procedure may be waived by the consent of the parties. Section 26 of the Municipal Court act provides that:

"An action in the Municipal Court of the City of New York, must be commenced by the service of a summons, or the voluntary appearance of and joinder of issues by the parties."

The signing of the stipulation and the consent that the action be adjourned to a future day constituted a voluntary appearance and joinder of issues by the parties, within the contemplation of section 26 of the Municipal Court act. In Stoddard v. Holmes, 1 Cow. (N. Y.) 245, it was held that, when a justice of a Justice's Court is absent on the adjourned day, the case is discontinued, but that the parties may confer jurisdiction by consent and appearing and going to trial on another day. In Weeks v. Lyon, 18 Barb. (N. Y.) 530, a justice of the peace adjourned a case, after the joinder of issue, to a specified date, and subsequently, in the absence of the parties or their attorneys,

changed the adjourned date to two days earlier than that originally designated. The court said:

"This second adjournment, as it would seem, in the absence of the parties and their attorneys and counsel, was clearly void. The irregularity, however, might have been waived, and a subsequent trial by the consent of the parties would have been as valid as if they had joined issue without process."

In Nellis v. McCarn, 35 Barb. (N. Y.) 115, where the adjournment was by the agreement and consent of the parties, it was held, that, "no matter what decision the justice made as to the adjournment, such consent cured all error." In 17 Am. & Eng. Ency. of Law (2d Ed.) p. 1070, it is said that:

"At least in civil cases, an irregularity in the adjournment of a case may be waived, and does not render the judgment void."

It follows, therefore, that it was error to dismiss the complaint, and that the judgment should be reversed, and a new trial ordered.

Judgment and order reversed, and new trial ordered, with costs to appellants to abide the event. All concur.