(55 Misc. Rep. 266)

EVERS v. GOULD.

(Supreme Court, Appellate Term. June 27, 1907.)

1. APPEAL—BRIEF—STATEMENTS EXTRANEOUS OF THE RECORD.
    Statements in a brief, extraneous of the record, cannot be regarded.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error,
    § 3103.]

2. COURTS—MUNICIPAL COURTS—PROCEDURE—JUDGMENT—JURISDICTION.
    Under Municipal Court Act, Laws 1902, p. 1536, c. 580, § 145, subd. 3,
    where a demurrer has been disallowed, the court must grant leave to
    plead as if no demurrer had been interposed; but the time to file such
    pleading must not extend more than eight days from the time of such
    disallowance, unless on consent of the parties. *Held* that, to sustain a
    judgment rendered after the granting of more than eight days in which
    to plead, it must appear either that express consent was given or that the
    parties, by being present and failing to object, presumptively consented;
    and hence where, after demurrer to the complaint was interposed, defend-
    ant never appeared, nor in any way consented to an extension of time
    from April 5th to the 16th in which to plead after the demurrer was
    overruled, such extension devested the court of jurisdiction and it had no
    authority to render judgment thereafter.

3. APPEAL—VOID JUDGMENT.
    A judgment void for want of jurisdiction, is appealable.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error,
    §§ 749-751.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh
District.

Action by Herman V. Evers against Howard Gould. From a judg-
ment overruling a demurrer to the complaint, defendant appeals. Re-
versed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and
PLATZEK, JJ.

Nicoll, Anable & Lindsay (Archibald R. Watson and E. Mortimer
Boyle, of counsel), for appellant.
Pheil & Gilman, for respondent.

PLATZEK, J. The respondent's brief embraces many statements
extraneous of the record, and as to such it cannot be regarded. The
record is conclusive upon this court, and shows that when the parties
met in the lower court for pleading, on March 25, 1907, the plaintiff's
complaint was an oral one, and was for "breach of contract, damages
to personal property." The defendant interposed a written demurrer
thereto, and, as appears by an indorsement upon the summons, briefs
were to be submitted on March 30, 1907. The defendant made no fur-
ther appearance, and a judgment overruling the demurrer was ren-
dered by the court. At what time this judgment was rendered, does
not appear, but that it was rendered prior to April 5th is evident, from
the statement contained therein as follows:

"Case returned to calendar for pleading on the 5th day of April. The time
for the defendant to answer is extended to the 16th day of April, 1907, on
payment of costs."

On April 16th, the defendant not appearing, the case was again adjourned until April 19th, at which date the plaintiff took an inquest and a judgment was rendered in his favor. From the judgment overruling the demurrer, and the final judgment in favor of the plaintiff, the defendant appeals.

Section 145, subd. 3, of the Municipal Court act (Laws 1902, p. 1536, c. 580), provides:

"That where a demurrer has been interposed and disallowed the court must * * * grant leave to plead as if no demurrer had been interposed, * * * but the time to file said pleading shall not be extended longer than eight days from the time the decision on the demurrer is rendered, unless on consent of the parties."

The phraseology of this section is somewhat different from that of section 193 of the Municipal Court act relating to adjournments. In the latter section it is provided that an adjournment may be had for a longer period than eight days by consent, "or where neither party objects to the same"; and under that section it has been held that it must affirmatively appear that an objection to a longer adjournment than eight days was made, or the regularity of such an adjournment will be presumed. Wood v. Spofford, 29 Misc. Rep. 357, 60 N. Y. Supp. 492. It would seem that under the language used in section 145, subd. 3, consent to a longer period than eight days in which to plead must appear affirmatively to have been given. At least, it must appear in the record either that the parties were present and that from failure to object consent might be presumed, or express consent must be shown. In the case at bar the record does not disclose that after the demurrer was interposed on March 25, 1907, the defendant ever again appeared in court, or in any way consented to the time given by the court as aforesaid, so that the extension of the time to plead from April 5th to April 16th divested the court of jurisdiction, and it had no authority to render judgment thereafter.

A judgment void for want of jurisdiction can be appealed from. Schiller v. Hardenburgh et al., 102 N. Y. Supp. 529, 52 Misc. Rep. 482, and cases cited. This disposition of the case renders it unnecessary to pass upon the merits of the demurrer.

Judgment reversed, with costs, and complaint dismissed. All concur.