UNIVERSAL CUTTER CO. v. EMDEN et al.

(Supreme Court, Appellate Term.   December 12, 1907.)

1. COURTS—MUNICIPAL COURTS—PROCEDURE—APPEAL—PRESUMPTIONS.

Where no objection appears by the record on appeal to have been made to an adjournment of a case by the Municipal Court, it will be presumed that such adjournment was by consent.

2. SAME—TRANSFER TO ANOTHER DISTRICT.

The only authority given the Municipal Court to transfer the trial of an action from one district to another, except on consent of the parties, is where the district in which the action is brought is not the proper district; and the application for such transfer must be made upon or before the joinder of issue.

3. SAME—JURISDICTION.

Where a municipal court had jurisdiction of the matter of and the parties to an action, which should have been tried in another district, and defendant voluntarily appeared, and an adjournment by consent was had, and no objection made to the justice's right to try the case, jurisdiction to proceed with the action was conferred upon the court, and the justice erred in retransferring the action to the original district when the parties appeared before him on the day set for trial.

4. APPEAL—NOTICE OF APPEAL — SPECIFICATION OF ERRORS — INTERLOCUTORY PROCEEDINGS.

Where the Municipal Court erred in transferring an action to another district, and defendant raised the question by objection when the case was called for trial in such district, and judgment was had against defendant, and he appeals from the judgment alone, without specifying in his notice of appeal the order of transfer, the Appellate Term, on account of his fail-

ure to so specify, is powerless under the express provision of Code Civ. Proc. § 1301, to review such order.

5. SAME—PLEADING—AMENDMENT.

It is mandatory upon the Municipal Court to allow a pleading to be amended at any time, if substantial justice will be promoted thereby, even though the amendment change the entire cause of action.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the Universal Cutter Company against Jacob Emden and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Joseph Wilkenfeld, for appellants.

M. A. Lesser, for respondent.

GILDERSLEEVE, P. J. This action was originally begun in the Eleventh District Municipal Court, and the trial commenced in that district on May 21, 1907. It was adjourned until May 29th for completion. On that day the defendants were not able to proceed, owing. to the absence of the defendants' attorney, and a judgment in favor of the plaintiff was rendered. On May 31, 1907, the defendants' attorney obtained an order to show cause why his alleged default should not be opened. This order was returnable June 5th before a justice other than the one before whom the case had been partially tried. This motion was granted, and an order entered which provided, among other things, that the case should be transferred to the Twelfth District Municipal Court, in which district the judge before whom the case had been partially tried was then sitting, the trial there to be completed. On June 12, 1907, the case came up in the Twelfth District Court, and was adjourned to June 21st. On this last-named day the parties appeared, and the defendants objected to proceeding with the trial in the Twelfth District, claiming that the court had no jurisdiction to try the case. An order was then made remanding the case to the Eleventh District, and the clerk of that court was directed to place the case upon the call calendar for June 25, 1907. On June 27, 1907, the case was called in the last-named District Court, and the defendants objected to its being tried there, upon the ground that the court had lost jurisdiction. The several motions to dismiss were denied, and the case proceeded to trial de novo before the justice then sitting in the Eleventh District.

The action was brought to recover the amount of certain installments alleged to be due on the purchase price of a cutting machine sold by the plaintiff to the defendants. The pleadings were verified, and the defendants set up as separate defenses (1) that the machine was taken by them on trial, to be returned if unsatisfactory, and that after such trial it proved unfit, and that it was returned to plaintiff; (2) that, if any contract or agreement of sale was made, it was obtained by means of false and fraudulent statements made by the plaintiff; and (3) that the plaintiff was a foreign corporation doing business within this state without having obtained the certificate required by law. Upon the trial the defendants moved to amend their answer by setting up a

breach of warranty. This motion was denied, and the defendants excepted. The plaintiff had a judgment, and the defendants appeal from the judgment alone.

The appellants urge three grounds for reversal: (1) That the court lost jurisdiction of the case by transferring the action to the Twelfth District without the defendants' consent; (2) that the plaintiff, being a foreign corporation, could not maintain this action without first obtaining a certificate from the Secretary of State permitting it to do business within the state; and (3) that the court below erred in not permitting the defendants to amend their answer.

We may assume that the Eleventh District was the proper district in which the case should be tried, and that without the consent of the defendants it could not be transferred to another district. Nevertheless the defendants appeared in the Twelfth District on the day fixed by the terms of the order, without raising any objection, and the case was adjourned, presumably by consent, from June 12th to June 21st. We say presumably by consent, for the reason that no objection appears in the record as having been made to such adjournment, and in the absence of affirmative proof that an objection was made it will be presumed that such adjournment was by consent. Section 193, Municipal Court Act; Wood v. Spofford, 29 Misc. Rep. 357, 60 N. Y. Supp. 492; Clemens v. Werner Co., 52 Misc. Rep. 110, 101 N. Y. Supp. 755. The Municipal Court had jurisdiction of the subject-matter and of the parties (Schiller v. Hardenburg, 52 Misc. Rep. 482, 102 N. Y. Supp. 529, 530), and the voluntary appearance by the defendants on June 12th conferred jurisdiction upon the court to proceed with the action (Berliner v. M. Zimmermann Co., 54 Misc. Rep. 246, 104 N. Y. Supp. 407). On June 21st, when the parties again appeared before the court, the trial should have proceeded, and we think that the justice erred in sending the case again to the Eleventh District. In the case of Federal Sign Electric Co. v. Bloyen, 53 Misc. Rep. 294, 103 N. Y. Supp. 205, we held that the only authority given to the Municipal Court to transfer the trial of an action from one district to another, except on consent of the parties, is where the district in which the action is brought is not the proper district, and the application for such transfer must be made upon or before the joinder of issue. Subdivision 4, § 25, Municipal Court Act (Laws 1902, p. 1497, c. 580).

While it is true, that in the case at bar the action was brought in the proper district, nevertheless the failure to object to the case being tried in the Twelfth District on June 12th was equivalent to a consent, and waived any question of the right of the justice sitting in that district to proceed with the trial, which he should have done. The defendants herein are in no position, however, to avail themselves of this error. It is true that they raised the question by objection when the case was called for trial in the Eleventh District, and urged that the order transferring the case from the Twelfth District was invalid; but that alone was not sufficient. The appeal, as before stated, is taken from the judgment alone. If the defendants desired to have had the orders, which they now criticise, reviewed by this court upon appeal, they should have so specified in their notice of appeal; and, not hav-

ing done so, this court is powerless to review them. Section 1301, Code Civ. Proc.

As to the second point urged by the appellant, the evidence does not show that the plaintiff was doing business within this state, so as to require a certificate before it could maintain an action. Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799; Cummer Co. v. Insurance Co., 67 App. Div. 151, 73 N. Y. Supp. 668. We think, however, that the court below should have permitted the defendants to amend their answer. It has been held that it is mandatory to allow a pleading to be amended at any time, if substantial justice will be promoted. King v. Dorman, 26 Misc. Rep. 133, 55 N. Y. Supp. 876; Steinhardt v. Eisen (Sup.) 84 N. Y. Supp. 232. And it is no objection that the amendment changes the entire cause of action. Bunke v. N. Y. Tel. Co., 46 Misc. Rep. 97, 91 N. Y. Supp. 390, affirmed 110 App. Div. 241, 97 N. Y. Supp. 66, affirmed 188 N. Y. 600, 81 N. E. 1161.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.