### BARSOTTI v. PEIRANO.

(Municipal Court of City of New York, Borough of Manhattan, First District. March 13, 1916.)

1. COURTS ⬀188(6)—JURISDICTION OF MUNICIPAL COURT—WRONGFUL ATTACHMENT.

An action for wrongful attachment, brought on the ground that the attachment, while rightful at its inception, became wrongful when it developed on the trial that plaintiff had no cause of action on which an attachment could be based, was not an action for an injury to property, but one in effect for malicious prosecution, of which, under Municipal Court Code 1915 (Laws 1915, c. 279) § 6, subd. 1, the Municipal Court had no jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. ⬀188(6).]

2. COURTS ⬀189(7)—MUNICIPAL COURT—AMENDMENT—NEW CAUSE OF ACTION—STATUTE.

In such case, plaintiff will be allowed to amend his complaint, so that his action might sound as one upon the surety's undertaking in the attachment proceeding, and be permitted to bring in the surety company as a party defendant, under Municipal Court Code, § 93, subd. 2, providing that at any stage of the cause the court must allow an amendment of any pleading, if substantial justice will be promoted thereby.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. ⬀189(7).]

3. COURTS ⊛‒189(1)—MUNICIPAL COURTS—JOINING ADDITIONAL PARTIES—
    STATUTE.
        In such case the joining of the surety company as a party defendant,
    while it might be done under New York City Municipal Court Code, §
    27, subd. 2, should be done as provided by Code Civ. Proc. § 453, and a
    supplemental summons must be issued, directed to him, requiring him to
    answer the original or the amended complaint.
        [Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig.
    ⊛‒189(1).]

Action by Charles Barsotti against Louis Peirano. Motion to amend
granted.

Guido J. Giudici, of New York City, for plaintiff.
Edward W. Norris, of New York City, for defendant.

SNITKIN, J. The facts as stated in open court are as follows:
On the 19th of March, 1914, the defendant herein commenced an
action in the Supreme Court against this plaintiff as defendant in that
action, and on that day obtained an attachment against the property
of the defendant, which consisted of an Italian daily newspaper, known
as Il Progresso, then situated at No. 42 Duane street, in the borough
of Manhattan, city of New York. The sheriff of the county of New
York duly attached the newspaper, putting in charge his deputies, and
also attaching the bank account of this plaintiff. Thereafter this
plaintiff, the defendant in the Supreme Court action, gave a bond to
release the attachment, and thereupon paid the sheriff the sum of
$166 as poundage in order to obtain the release of his levy. The at-
tachment in the Supreme Court action was granted because of the de-
fendant's (Barsotti's) nonresidence in this state. It is conceded that
the defendant was a nonresident, so that the attachment was properly
issued pursuant to section 636, subd. 2, of the Code of Civil Procedure.
In June, 1915, the action in the Supreme Court came on for trial be-
fore a justice of the Supreme Court and a jury, and a verdict was re-
turned by the jury for the defendant on the merits. Judgment was
entered thereon, and on an appeal to the Appellate Division the judg-
ment was affirmed.

[1] The plaintiff now brings an action in this court against the
defendant to recover damages in the sum of $1,000 for the wrongful
attachment issued against this plaintiff's property, the defendant in
the former action, and he is the only person made a party defendant
herein. The Surety Company, which gave the statutory bond pur-
suant to section 640 of the Code, is not joined. It is the contention
of the plaintiff that as a matter of law a right of action exists in his
favor for damages growing out of the said wrongful attachment
against this defendant as principal, and the plaintiff in this action con-
tends that his recovery is not limited to the amount specified in the
undertaking, and that he is entitled to actual damages. He concedes
that the writ of attachment was properly issued, that the court issuing
the writ had jurisdiction, that the sheriff making the levy was entitled
to proceed to execute the writ, and that no motion was made to va-
cate the said writ; but he claims that the ultimate determination of

the action proved that the plaintiff had no claim, and that the attach-ment, although rightful in its inception, became wrongful, and that it developed on the trial that the plaintiff had no cause of action upon which an attachment could be based for any purpose.

I am inclined to hold that this action is one over which this court has no jurisdiction. Section 6, subd. 1, of the New York City Munici-pal Court Code of 1915 reads:

"Sec. 6. *Jurisdiction.* The Municipal Court of the City of New York shall have jurisdiction: 1. Of the following actions when the amount claimed in the summons does not exceed one thousand dollars, exclusive of interest and costs: * * * An action to recover damages, * * * for a personal in-jury or an injury to property, except actions to recover damages for * * * malicious prosecution. * * * "

The plaintiff contends that the facts as alleged by him spell out a cause of action which may be properly classed as an injury to prop-erty. With this contention I am constrained to disagree. In the case of Mark v. Hyatt, 135 N. Y. at page 310, 31 N. E. at page 1100 (18 L. R. A. 275), the court says:

"We have held that doctrine quite firmly and clearly in cases of injunctions, declaring in substance that, although the restraining order ought not to have been granted and was set aside for that reason, yet the damages incur-red, where the proceedings have been regular, cannot be recovered, in the absence of an undertaking, except upon the basis of a malicious prosecution. Lawton v. Green, 64 N. Y. 326; Palmer v. Foley, 71 N. Y. 106."

In Palmer v. Foley, 71 N. Y. 108, the court, through Mr. Justice Folger, says:

"It seems that without some security given before the granting of an in-junction order, or without some order of the court or a judge requiring some act on the part of the plaintiff which is equivalent to the giving of security—such as a deposit of money in court—the defendant has no remedy for any damages which he may sustain from the issuing of the injunction, unless the conduct of the plaintiff has been such as to give ground for an action for malicious or vexatious prosecution. * * * This is upon the rule that any one may proceed to enforce a legal right in a civil action, and that, though he did it maliciously, he is not liable therefor, if there be probable cause or ground for it (Warner v. Matthews, 6 Mod. 73); for in a civil action the de-fendant has his costs. * * * Where process sued out by a party is afterwards set aside for error, the party is not liable in an action for dam-ages; where it has been set aside for irregularity, or bad faith in obtaining it, he may be. Williams v. Smith, 14 Com. Bench (N. S.) 596, 108 Eng. Com. L. R. 594. See also Miller v. Adams, 52 N. Y. 409; Carl v. Ayers, 53 N. Y. 14; Marks v. Townsend, 97 N. Y. 598."

In Willard v. Holmes, Booth & Haydens, 142 N. Y. 495, 37 N. E. 480, the court, through Mr. Justice Gray, says:

"But I am prepared to assume that there may be satisfactory authority for holding that where a party has been subjected to some special or added grievance, as by an interference with his person, or property, in a civil action brought without probable cause, he may maintain a subsequent action to recover any legal damage, which he avers, and is able to show, to have been occasioned to him. Bump v. Betts, 19 Wend. 421; Whipple v. Fuller, 11 Conn. 582 [29 Am. Dec. 330]; Potts v. Imlay, 4 N. J. Law, 330 [7 Am. Dec. 603]; Mayer v. Walter, 64 Pa. 283; and Cooley on Torts, page 187. The ac-tion generally is not to be viewed with any favor; for, in theory of law, the costs awarded by the statute to the successful defendant are an adequate compensation to him for all damages."

In Lawton v. Green, 64 N. Y. 331, the court says:

"The security required is provided for by statute [for obtaining provisional remedy], the court or judge fixes the amount, and the undertaking may be executed by the party alone or with sureties, and in either case the measure of liability is the amount specified, and beyond that amount the court has no power to award damages. An action will lie against a plaintiff for all damages sustained, but it must be in the nature of, and have the elements of, an action for malicious prosecution."

It follows necessarily that upon the theory which plaintiff adopted, and on which his claim for damages rests, the action is one for a wrongful suing out of an attachment, and is therefore in effect one for malicious prosecution, over which this court has no jurisdiction.

[2] Parenthetically it may be stated that plaintiff's remedy in this court is one on the undertaking. The plaintiff has requested that, in view of the expression of the opinion by the court, he be allowed to amend his complaint, so that his action may sound as one on the undertaking, and that he be permitted to bring in the Surety Company, as party defendant. Under the former provisions (Municipal Court Act) relating to the amendment of pleadings, the courts have held that it is the mandatory duty of the court to allow a pleading to be amended, even though the amendment changes the entire cause of action. Univ. Cutter Co. v. Emden, 107 N. Y. Supp. 669; Shirtcliffe v. Wall, 68 App. Div. 375, 74 N. Y. Supp. 189. This seems to have been continued in the present New York City Municipal Court Code. Section 93 of the Municipal Court Code, subd. 2, reads:

"At any stage of the cause the court must allow amendment of any * * * pleading * * * if substantial justice will be promoted thereby; and as a condition thereof may impose such terms as may be just."

I am therefore inclined to grant the amendment. The defendant has raised the question of a set-off to the plaintiff's cause of action (assuming that the complaint may be amended), which consists of the costs awarded to the present plaintiff in the Supreme Court action. That he may plead the costs as a set-off in the present action there can be little question, but this is unnecessary to be determined in the present application.

[3] As to the joining of the Surety Company as a party defendant, this may be done under section 27, subd. 2, of the New York City Municipal Court Code, but it should be done in the manner provided by Code of Civil Procedure, § 453. The motion to amend is therefore granted upon the payment of $5 costs—the plaintiff to file his amended complaint with the clerk of this court on or before the 20th of March, 1916, and serve a copy of the same on or before said date on the defendant's attorney; the defendant to serve his amended answer thereto on or before the 27th of March, 1916; and after joinder of the issue the same may be brought for trial pursuant to section 95 of the New York City Municipal Court Code.